# Bisbing's Estate.

*Decedent's estate—Claim of son—Marriage of parents—Cohabitation and reputation—Evidence—Presumption—Rebuttal.*

Cohabitation and reputation are circumstances from which marriage may be presumed, but such presumption may always be re-

butted, and will wholly disappear in the face of proof that no marriage, in fact has taken place.

A claim of a minor that he is entitled to participate in the distribution of an estate, for the reason that he is the son of the decedent born in lawful wedlock, will not be allowed, where the mother of the claimant testifies that the decedent asked her to get married, but that she declined, and she admits that her relations with the decedent were illicit at their inception, and continued so until his death.

Under such circumstances, nothing but proof of actual marriage will suffice to give the claimant standing or establish his legitimacy.

Argued November 18, 1920. Appeal, No. 151, Oct. T., 1919, by Harry Bisbing, a minor, by his guardian ad litem, W. F. Hampton, from decree of O. C. Chester County, Dec. T., 1918, No. 27, dismissing exceptions to auditor's report in Estate of Eugene Bisbing. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Exceptions to report of Thomas W. Pierce, Esq., auditor. Before HAUSE, J.

The facts are stated in the opinion of the Superior Court and in the opinion of the Supreme Court in Bisbing's Estate, 266 Pa. 529.

The exceptions were to the finding that the mother of the claimant had not been the wife of the decedent, and to the distribution of the fund.

*Error assigned* was decree dismissing exceptions.

*Hugh Roberts*, for appellant.

*A. M. Holding*, for appellee.

PER CURIAM, July 14, 1920:
This is an appeal from a decree of distribution. It is asserted, on behalf of the appellant, that he was entitled to participate in that distribution for the reason that he

was a son of the decedent, born in lawful wedlock of the body of Anna Bisbing, the alleged surviving widow. Anna Bisbing, the mother of the appellant, asserted the right to participate in the distribution of the estate as widow, and produced evidence which it was contended ought to have been held by the court below to establish the fact that a lawful marriage relation had existed between her and the decedent. The rights of Anna Bisbing and her son, this appellant, to participate in the distribution of the estate were entirely dependent upon the fact of the existence of the marriage relation between the mother and the decedent. Much testimony was taken tending to show the relations which had existed between the decedent and Anna Bisbing, who was asserting that she had been his wife. The court below held, after consideration of the evidence, that Anna Bisbing had never been the wife and was not the widow of the decedent.

Anna Bisbing, the alleged widow, appealed from that decree to the Supreme Court, and we have here an appeal from the same decree by the guardian ad litem of her minor child. The Supreme Court, on March 8, 1920, in Bisbing's Est., 266 Pa. 529, filed an opinion holding that the court below did not err in decreeing, upon the evidence presented, that Anna Bisbing had not been the wife of the decedent and was not entitled to participate as the widow in the distribution of his estate. We can, upon this appeal, consider only the questions which were raised in the court below, the evidence which was there produced, and the findings of the court based upon that evidence. The record and the evidence are precisely the same which were considered by the Supreme Court, and the decision of that court must control the disposition of this appeal.

The appeal is dismissed at appellant's cost.