## Hunt's Appeal. Jackson's Estate.

1. Co-habitation and reputation are not marriage, but only circumstances from which a marriage may be presumed, and this presumption may be rebutted and wholly disappears, in the face of proof that there has been no marriage in fact.

2. A relation between a man and a woman, which was illicit at the commencement, is presumed to continue so until proof of change, and a marriage therefore will not be presumed from co-habitation and reputation where the relation between the parties was of an illicit origin, in the absence of proof of a subsequent actual marriage.

February 14th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

[Hunt's Appeal.]

APPEAL from the Orphans' Court of *Philadelphia county:* Of January Term 1876, No. 144.

Appeal by Catharine Hunt, guardian of Leonora Jackson, minor child of James Jackson, deceased, from the decree of the court in the matter of the account of the administrator of said decedent.

At the audit of the estate before Hanna, J., Mary Jane Jackson claimed to be allowed $300, under the Act of 1851, and also one-third of the estate, as the widow of said decedent, who had died intestate. It was denied that she had ever been his wife. It appeared that decedent was married to the claimant in 1871, and cohabited with her until 1874, being generally reputed to be man and wife. At the same time he had a wife living, from whom he had been separated several years, and who had instituted proceedings in divorce against him, which was not obtained until December 1873. It was not shown that the claimant had any knowledge of the first wife. After the divorce and up to the time of his death, the decedent continued to live with the claimant, but they were never actually married. In an opinion the auditing judge said :—

" Under these facts, notwithstanding the second marriage of decedent was illegal, yet, after the decree of divorce, he was at liberty to marry again ; and although no actual marriage again took place with her who now alleges herself to be his widow, yet the cohabitation and reputation of herself and decedent, from the date of the divorce to the day of his death, are sufficient in law from which to presume a marriage between them, and entitle her to a share in his estate. The claim made by her must therefore be allowed; her claim to the $300 exemption being in time."

Mrs. Hunt filed exceptions to this adjudication which were dismissed by the court (Dwight, J., dissenting), and the adjudication confirmed when she took this appeal.

*George H. Van Zant* and *Elijah J. Fox*, for appellant.—A connection once shown to be illicit is presumed to continue illicit : Cuningham *v.* Cuningham, 2 Dow. P. C. 482. Evidence that parties had the "habit and repute" of marriage are, when conjoined, not marriage, but simply evidence, from which a presumption of marriage may arise : Hantz *v.* Sealy, 6 Binn. 409 ; Yardley's Estate, 25 P. F. Smith 212. But this presumption may always be rebutted by evidence to show a counter presumption : Senser *v.* Bower, 1 P. & W. 452 ; 2 Greenleaf on Evidence, §§ 462–464. And a man having a wife in full life, as in this case, is utterly incapable of making a valid contract of marriage : Heffner *v.* Heffner, 11 Harris 104 ; Kenley *v.* Kenley, 2 Yeates 207.

*Albert S. L. Shields*, for appellee.—Appellee's share in the marriage was certainly innocent, and it is questionable if she could

not rest here and assert her rights as the widow of the decedent: Physick's Estate, 2 Brewst. 195. But her case is stronger; for after the divorce of decedent from his first wife he became legally competent to contract marriage, and his treatment and introduction of her as his wife for a period of two months thereafter, was a sufficient marriage: Fenton *v.* Reed, 4 Johns. 52; Rose *v.* Clark, 8 Paige 574. A subsequent marriage may be inferred from acts of recognition, continued cohabitation, and general reputation, even when the parties originally came together under a void marriage: Wilkinson *v.* Payne, 4 T. R. 468; In re Taylor, 9 Paige 611; Senser *v.* Bower, *supra;* Yardley's Estate, *supra.* Two months of cohabitation after the divorce is not too short a time to warrant the presumption of a subsequent marriage. In Guardians *v.* Nathans, 2 Brewst. 148, the time was two months; in Wilkinson *v.* Payne, *supra,* three weeks. The burthen of proof to rebut such a presumption rests on those who dispute the marriage: Goodman *v.* Goodman, 28 L. J. Rep. 745; Doe *v.* Fleming, 4 Bing. 266.

Mr. Justice Paxson delivered the opinion of the court, March 11th 1878.

Mary Jane Jackson, the appellee, claimed $300 out of the balance in the hands of the accountant, under the Act of 1851, and also one-third of the estate as widow, the decedent having died intestate. Her claim was allowed by the Orphans' Court; hence this appeal.

The facts have been clearly found by the learned judge of the Orphans' Court. They are as follows: The decedent was married to Mary Jane Longcake (alleged widow), July 23d 1871. At that time decedent had a wife living, from whom he had been separated for several years. After his second marriage, he and the said Mary Jane went to keeping house together, and lived and cohabited together as husband and wife until the death of the latter, February 16th 1874. They were known and reputed as man and wife among their mutual relatives, friends and neighbors. Two years or more before decedent's death, his first wife commenced proceedings to obtain a divorce from him. It was during the pendency of these proceedings that he married the said Mary Jane Longcake. The decree in divorce was granted December 13th 1873, and the decedent died February 16th 1874. During the period intervening between the said decree and his death, he continued to reside with the said Mary Jane as his wife, but no actual marriage took place. From this state of facts the learned judge of the court below held that "the cohabitation and reputation of herself and decedent from the date of the divorce to the day of his death, are sufficient in law from which to presume a marriage between them, and entitle her to a share in his estate." The presumption to which the learned judge refers is entirely demolished by his finding of facts. Cohabitation and reputation

[Hunt's Appeal.]

are not marriage: they are but circumstances from which a marriage may be presumed: Yardley's Estate, 25 P. F. Smith 207. The presumption of marriage arising from such facts may always be rebutted, and wholly disappears in the face of proof that no marriage in fact had taken place. Again, the cohabitation was illicit at its commencement. It may not have been meretricious, so far as the appellee is concerned. There is evidence to show that she was deceived, but it was clearly illegal. The general rule is, that, a relation shown to have been illicit at its commencement is presumed to continue so until proof of change. Such a relation raises no presumption of marriage. In the case at bar the fact is found that the cohabitation was illicit at its commencement, and necessarily continued so down to the decree of divorce, and that there was not a marriage in fact between the date of the divorce and death of the decedent. This is conclusive against the appellee. She has failed to establish her claim as widow, and has of course no right to participate in the distribution of the decedent's estate.

The decree is reversed, and it is now ordered and decreed that the balance in the hands of the accountant, $812.88, be paid to the guardian of Leonora Jackson; the costs of this appeal to be paid by the appellee.