## ESTATE OF GOTTF. GRIMM, DECEASED.

APPEAL BY MARY GRIMM FROM THE ORPHANS' COURT OF ALLEGHENY COUNTY.

Argued November 5, 1889—Decided January 6, 1890.

[To be reported.]

1. Neither cohabitation nor reputation of marriage is marriage; they are simply evidence, giving rise, when conjoined, to a presumption of marriage, which, however, is rebuttable and wholly disappears in the face of proof that no marriage in fact has taken place; nor does a relation shown to have been illicit at its commencement raise any presumption of marriage.

131      199
217      ¹309

131      199
f 36 SC ¹151
f 36 SC ²152

131   199
40SC¹598

2. Evidence that a man and woman cohabited together, the former treating the latter as his wife and acknowledging her as such in the presence of others, but that the marriage ceremony between them was to have been performed at a future date and was prevented by the accidental death of the man, is insufficient to establish the existence of the relation of husband and wife.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 208 October Term 1889, Sup. Ct.; court below, No. 350 September Term 1887, O. C.

On November 19, 1887, there was filed in the court below an inventory and appraisement of goods and chattels to the amount of $300, which were of Gottfried Grimm, deceased, and which Mary Grimm elected to retain as widow of said decedent; together with a petition of said Mary Grimm praying that the same be set apart to her in accordance with § 5, act of April 14, 1851, P. L. 613. Thereupon the court made an order confirming said appraisement nisi.

On November 21, 1887, Bertha L. Grimm, administratrix of the estate of said decedent, and his only child and heir at law, filed exceptions to the appraisement, denying that Mary Grimm was the lawful widow of the decedent and that the relation of husband and wife ever existed between them. At the hearing on December 8, 1887, the petitioner presented testimony tending to show that the decedent and herself had lived together for one week prior to his death, cohabiting as man and wife, and that the decedent acknowledged her as his wife to other persons and treated her as such; that it was their intention to take out a license and be married on the Tuesday succeeding the date of his death, but that this was prevented by his being accidentally killed. The testimony of the petitioner, taken under objection as to her competency, is quoted in full in the opinion of the Supreme Court, infra.

On consideration of the testimony the court, HAWKINS, P. J., entered a decree sustaining the exceptions and setting aside the widow's appraisement at the cost of the petitioner.

Thereupon the petitioner took this appeal, specifying that the court erred:

1. In sustaining the exceptions filed to the appraisement.

2. In not finding that there had been a marriage between the petitioner and the decedent.

3. In setting aside the appraisement filed.

*Mr. John R. Large,* for the appellant:

Marriage is a civil contract, and is and ought to be established upon the basis of any other civil contract. Admission by the parties to the contract is there amply sufficient. Here we have the admission of the parties, and also the fact that the contract was consummated by cohabitation as man and wife, which was not disputed. Such cohabitation, proved by living witnesses, is sufficient when not rebutted, to establish the fact of marriage: Covert v. Hertzog, 4 Pa. 145. There is nothing in the act of June 23, 1885, P. L. 146, forbidding the contracting of a marriage on the basis of a civil contract.

*Mr. A. J. Kirschner,* for the appellee:

Covert v. Hertzog, 4 Pa. 145, does not bear out the appellant's contention, but clearly decides that cohabitation is but presumptive evidence of the existence of the marriage relation. Cohabitation and reputation are but circumstances from which a marriage may be presumed, when they are conjoined: Yardley's Est., 75 Pa. 211; Hunt's App., 86 Pa. 296. When the relation is shown to be illicit at its commencement, it is presumed to continue so until proof of change: Hunt's App., 86 Pa. 294; Reading Fire Ins. & Trust Co.'s App., 113 Pa. 204. In the case at bar, we have simply a cohabitation of one week, with an agreement for a marriage ceremony one week later. The testimony of the appellant negatives the idea that any marriage took place in the decedent's lifetime. It was her misfortune that her intended husband died before the date fixed for the ceremony.

OPINION, MR. CHIEF JUSTICE PAXSON:

This case is peculiar. The appellant filed her petition in the court below, claiming to be the widow of Gottfried Grimm, and asking that $300 worth of property be appraised and set apart to her out of the estate of said decedent. The court below disallowed her claim.

The evidence upon which her claim to widowhood was based

amounts to this: That the appellant and the deceased cohabited together as man and wife for one week prior to the death of the latter; that the marriage ceremony was to have been performed the following week, but that it was prevented by the sudden death of the decedent. The appellant was sworn and examined under objection, and her testimony was as follows: "I knew Gottfried Grimm since last Christmas. We lived together as man and wife a week before he died. The arrangement between us was that everything that was his should be mine, and my children get $300 each. We cohabited as man and wife. He acknowledged me in presence of others as his wife. The ceremony was to be performed the next week after he died. He was to have everything fixed the next week, and we were to have been married the Tuesday after he was killed. He was to get the license. We lived together, and he treated me as a wife, from the time he came over."

In the face of this clear statement that no marriage had taken place, the mere fact that Mr. Grimm acknowledged her as his wife in the presence of witnesses, has little significance. Neither cohabitation nor reputation of marriage is marriage. When conjoined they are evidence from which a presumption of marriage arises: Yardley's Est., 75 Pa. 207. "The presumption of marriage arising from such facts may always be rebutted, and wholly disappears in the face of proof that no marriage in fact had taken place. Again, the cohabitation was illicit at its commencement. It may not have been meretricious, so far as the appellee is concerned. There is evidence to show that she was deceived, but it was clearly illegal. The general rule is that a relation shown to have been illicit at its commencement . . . . . raises no presumption of marriage:" Hunt's App., 86 Pa. 294. In the case in hand, the relation between these parties was illicit at its commencement, and known to be such by the parties. There was no marriage in law or in fact. They were to have been married the next week, according to the appellant's own testimony. That it was prevented by the death of Mr. Grimm, if the fact be so, was a misfortune to the appellant. It would have been better for her had the cohabitation been later, or the marriage earlier.

The decree is affirmed, and the appeal dismissed, at the costs of the appellant.