## Wallace's Estate.

*. Executors and administrators—Appeals—Decree of distribution.*

1. An executor in his official character has no standing to maintain an appeal from a decree distributing the fund in his hands.

*Husband and wife—Marriage—Proof of marriage—Presumption—Widow's exemption.*

2. Where a woman claiming the widow's exemption from the estate of a decedent, had been formally married to the decedent, and swears that she has never been married to any other man, the fact that she had cohabited with another man, had been reputed his wife, and had borne an illegitimate child to him, raises no such conclusive presumption of her marriage to such man, as will invalidate her marriage with the decedent; and if it appears that she had maintained the family relation with the decedent until he became so ill that he had to be removed to a hospital, she will be entitled to her exemption.

Argued May 13, 1909. Appeal, No. 53, April T., 1909, by Chester W. Wallace, from decree of O. C. Lawrence Co., March Term, 1908, No. 25, dismissing exceptions to report of auditor in Estate of Isaac J. Wallace, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to report of Richard F. Dana, Esq., auditor.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to auditor's report.

*J. Clyde Gilfillan* and *Robert K. Aiken*, for appellant.—Unequivocal and frequent admissions of marriage accompanied by long continued cohabitation and reputation are frequently most satisfactory evidences of marriage: Richard v. Brehm, 73 Pa. 140; 2 Greenleaf's Evidence, sec. 462; Thorndell v. Morrison, 25 Pa. 326; Greenawalt v. McEnelley, 85 Pa. 352; Lehigh Valley R. R. Co. v. Hall, 61 Pa. 361.

There is no evidence that Lauretta Wallace ever visited Isaac J. Wallace during his illness in the hospital or ever saw

him again from the time she left his home in company with her former husband, or that she even attended the funeral: Reel v. Elder, 62 Pa. 308; Coates's Est., 6 W. N. C. 367.

It has always been held in this commonwealth that desertion or misconduct on the part of the wife deprives her of the right to a widow's exemption: Odiorne's App., 54 Pa. 175; Nye's App., 126 Pa. 341.

*W. D. Wallace*, with him *David N. Keast*, for appellee.—Reputation and cohabitation are not marriage, but only facts from which marriage can be presumed; nor does a relation shown to have been illicit at its commencement raise any presumption of marriage: Grimms' Est., 131 Pa. 199; Hunt's App., 86 Pa. 294; Hine's App., 10 Pa. Superior Ct. 124.

Actions of the wife are immaterial so long as she remains a part of his family at the time of his death: Reilly's Est., 28 Pa. C. C. Rep. 544; 12 Pa. Dist. Rep. 326; Hill v. Hill, 42 Pa. 198; Carpenter's Est., 170 Pa. 203; Johnson's Est., 29 Pa. Superior Ct. 255.

OPINION BY PORTER, J., October 11, 1909:

This is an appeal from a decree of distribution; the appellant alleging that the court below erred in awarding the $300 exemption to Lauretta A. Wallace, the alleged widow of the decedent. The appeal is by Chester W. Wallace, the executor of the will of decedent, and so far as disclosed by the record as printed in the paper-book of the appellant his only connection with the case is in his character as executor. That an executor, in his official character, has no standing to maintain an appeal from a decree distributing the fund in his hands is too well settled to require discussion. This appeal might be dismissed upon that ground alone, but we will briefly consider the single question raised by the specifications of error. The appellant contends that the court erred in awarding to the widow the exemption of $300, under the Act of April 14, 1851, P. L. 612, for the reason that she was not the lawful wife of the decedent. The consideration of this question involves a brief reference to the testimony material to its determination.

There can be no doubt under the evidence that Isaac J. Wal-

lace, the decedent, and Lauretta A. Wallace, the alleged widow, had been the parties to a marriage ceremony in all respects regular and formal, but the appellant contends that the marriage was invalid, for the reason that the woman then had another husband in full life. Evidence was produced before the auditor which, if believed, established that there had existed an intimate relation between one Thomas McNerney and Lauretta A. Strack, who now claims to be Lauretta A. Wallace, the widow of Isaac J. Wallace, deceased. The evidence clearly indicated that this relation was at its inception meretricious. An illegitimate child was born of the body of the woman and took the name of McNerney. The woman with the child and in company of McNerney went from Washington county, Pennsylvania, to visit her family who resided in the state of Delaware and she and McNerney told her family that they were married; McNerney remained there for a short time and then departed, leaving the woman and child at the house of her father and mother, where she continued to live until the death of her father some time afterwards; upon the death of the father the mother removed with the other members of the family to Beaver, Pennsylvania; this was some fifteen years ago. After that time the woman and McNerney cohabited for periods of more or less duration at many different places, and were reputed to be man and wife, and there was evidence that they had stated themselves to be such. McNerney has always provided for the child, and visits her wherever she may be with her mother at intervals of a month or two. The woman and McNerney had been separated for some time when the former was employed by Isaac J. Wallace, the decedent, as a housekeeper, and went to live at the house of Wallace, taking her daughter with her. Some time after she had been keeping house for Wallace they went to Youngstown, Ohio, on July 11, 1903, and were there married. There was evidence which established that Wallace knew all about her previous relations with McNerney and of the birth of the child. The widow appeared before the auditor and testified. She admitted that she had borne an illegitimate child to McNerney and positively denied that she had ever been married to him.

Testimony upon which the appellant relied to establish a marriage between McNerney and this woman was that which established cohabitation of the parties, the repute that they were husband and wife, and their declarations that they were husband and wife. There was no attempt made to show that there had ever been any marriage ceremony or contract, nor is there anything in the evidence to indicate when and how this couple became man and wife. Cohabitation and reputation, are not marriage; they are simply evidence, giving rise, when conjoined, to a presumption of marriage which, however, is rebuttable and wholly disappears in the face of proof that no marriage in fact has taken place; nor does a relation shown to be illicit at its commencement raise any presumption of marriage: Yardley's Estate, 75 Pa. 207; Hunt's Appeal, 86 Pa. 294; Grimm's Estate, 131 Pa. 199; Hines's Estate, 10 Pa. Superior Ct. 124. The appellant relied upon parol testimony which established facts from which he contended that the presumption of another fact arose. Even if the facts which were proved be conceded to be true, the presumption which he seeks to draw from them is a rebuttable presumption, and there was direct and positive testimony rebutting that presumption. Had this been a case in which the question of fact was to be passed upon by a jury, the evidence was such that a verdict finding that the woman never had been married to McNerney could have been sustained. The auditor having so found upon that question and that finding having been confirmed by the court, we cannot say that it is so manifestly erroneous as to justify us in reversing the finding.

The appellee having been the lawful wife of Isaac J. Wallace, as found by the court below, and having cohabited with him as such until it became necessary to take him to a hospital during his last illness, she was presumably entitled to the widow's portion of his estate. The finding of the auditor and the court below that the family relation existed between them at the time of his death is sufficiently supported by the evidence, and we do not feel warranted in disturbing the decree.

The decree of the court below is affirmed and the appeal dismissed at cost of the appellant.