MARY HUBATKA AND HUSBAND v. FRANK MEYERHOFER.

Argued November 8, 1909—Decided February 21, 1910.

1. To create an estate by the entireties, the grantees must be husband and wife at the time of the conveyance.
2. Although the grantees in a deed are described therein as husband and wife, it may be shown by parol evidence that such is not the fact.
3. Although a woman is named in a deed with the surname of a man not her husband, the deed operates as a conveyance to her; and her identity with the grantee may be shown.

On error to Union Circuit.

Before Justices SWAYZE, TRENCHARD and PARKER.

For the plaintiff and defendant in error, *William D. Wolfskeil.*

For the defendant and plaintiff in error, *William R. Wilson.*

The opinion of the court was delivered by

SWAYZE, J. This was an action of ejectment brought by the daughter and heir-at-law of Josephine Meyerhofer, deceased, to recover an undivided half interest in lands which had been conveyed to the defendant and Josephine Meyerhofer. The claim on the part of the defence was that at the time of this conveyance the defendant and Josephine were husband and wife, so that the conveyance to them created an estate by the entireties, and that the defendant therefore became entitled to the whole by right of survivorship. The case was tried before the court without a jury, and the judge found for the plaintiff. The refusal to nonsuit presents the question whether there was any evidence justifying that finding, and this involves the question whether the defendant and Josephine were husband and wife; for, in order to create

an estate by entireties, the grantees must have been husband and wife at the time of the conveyance. *Co. Litt.* 187*b;* *McDermott* v. *French,* 2 *McCart.* 78; *Fulper* v. *Fulper,* 9 *Dick. Ch. Rep.* 431 (at *p.* 433). The fact that they are not husband and wife, though they are so described in the deed, may be shown by parol evidence, and in that case the conveyance does not create an estate by the entirety. *Chandler* v. *Cheney,* 37 *Ind.* 391; 2 *Jones R. Prop.,* § 1794.

We think that the evidence in this case was satisfactory and quite convincing that at the time the deed was made the marriage had not yet taken place. It is conceded that the ceremonial marriage took place several days after the execution and delivery of the deed, but it is urged that there had been a prior common law marriage. It is, of course, possible that the defendant and his wife were ignorant of the fact that a valid marriage might exist between them without a marriage ceremony, and might desire to give their then existing relations the sanction of such a ceremony, but we are satisfied that the prior relations between them were meretricious. At any rate, the testimony of the defendant himself that the marriage, as he chooses to call it, was renewed between them at different times, is difficult to explain if either of them had really thought that they were already married. This view was strongly corroborated by the testimony that Josephine, up to a short time before her death, went by the name of her first husband.

The fact that Josephine is called in the deed Josephine Meyerhofer, when that was not her name, presents no difficulty. The deed operates as a conveyance notwithstanding the error in her name. It was the name she adopted for the purpose of the deed, and it is permissible to show the facts. *Scanlan* v. *Wright,* 13 *Pick.* 523 (at *p.* 530); *David* v. *Williamsburgh City Fire Insurance Co.,* 83 *N. Y.* 265.

We find no error in the admission of evidence that was objected to. It was admissible to prove statements made by Josephine, that would naturally lead to the inference that she and the defendant were not married, and it was also permissible for the plaintiff to testify that Josephine was her

mother and that her father was dead. These are matters of pedigree as to which hearsay testimony is necessarily admissible. The judgment is affirmed, with costs.