# McDevitt's Estate.

*Husband and wife—Marriage—Claim against decedent's estate as widow—Evidence—Cohabitation and reputation—Meretricious relation—Presumption of continuance—Rebuttal—Circumstantial evidence.*

1. Cohabitation and reputation are not marriage, they are circumstances from which marriage may be presumed.

2. The presumption of marriage arising from cohabitation and reputation may always be rebutted, and wholly disappears in the face of proof that no marriage in fact had taken place.

3. Where cohabitation has been meretricious in its inception, its illicit character is presumed to continue throughout the period during which it has been maintained; this presumption may be rebutted by circumstantial evidence but the circumstances must be such as to prove satisfactorily that the relation was changed to matrimonial union by mutual consent.

4. A claim of a woman to share in an estate on the ground that she was married to the decedent, will not be sustained by proof of cohabitation and reputation, joinder with the decedent in a conveyance, and other circumstances, where she testifies that she was never in fact married to him.

Argued February 12, 1924. Appeal, No. 255, Jan. T., 1924, by Mary Frances McDevitt, claimant, from decree of O. C. Phila. Co., April T., 1923, No. 1533, dismissing exceptions to adjudication in estate of James McDevitt, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of HENDERSON, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed in opinion by THOMPSON, J. Mary Frances McDevitt, claimant, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*George J. Edwards, Jr.,* with him *James B. Anderson, Jr.,* for appellant.—The proof was sufficient to show the relation of man and wife: Thewlis's Est., 217 Pa. 307; Beihl v. Martin, 236 Pa. 519; Stuckey v. Keefe, 26 Pa. 397; Hoover v. Potter, 42 Pa. Superior Ct. 21; Martin v. Jackson, 27 Pa. 504; Hetzel v. Lincoln, 216 Pa. 60; Alles v. Lyon, 216 Pa. 604; Cape May Real Estate Co. v. Henderson, 231 Pa. 82.

*Joseph M. Smith,* for appellee, was not heard.

OPINION BY MR. JUSTICE WALLING, March 10, 1924:

James McDevitt, of Philadelphia, died in September, 1922, intestate and without issue; his sister, Mary Tranor, became administratrix of his estate. At the audit of her account as such, Mary Frances McDevitt, the appellant, claimed to be the widow of the deceased and entitled to share in his estate. The auditing judge rejected her claim, on a finding that she and Mr. McDevitt were never married; from the approval of this finding by the orphans' court, Mrs. McDevitt brought this appeal.

We find no ground for reversal. Some twenty-five years ago appellant and the deceased commenced an illicit cohabitation, which continued, with some interruptions, for many years. Mrs. McDevitt testified that she commenced the cohabitation under a promise of marriage, which Mr. McDevitt renewed from time to time, during succeeding years, but that they never were married. There was no ceremonial marriage nor proof of a contractual one, written or oral. The only evidence is that he promised to marry her, which is not marriage, although its breach might sustain an action for damages. The question here is not whether these parties were engaged but whether they were married, and of the latter there was no proof. There was abundant evidence of cohabitation and some of reputation, which combined might tend to create a presumption of marriage, but are

worthless here in the face of appellant's own testimony that there never was a marriage. As we said in Hunt's App., 86 Pa. 294, 296: "Cohabitation and reputation are not marriage: they are but circumstances from which a marriage may be presumed: Yardley's Est., 25 P. F. Smith [75 Pa.] 207. The presumption of marriage arising from such facts may always be rebutted, and wholly disappears in the face of proof that no marriage in fact had taken place." And see Appeal of Reading Fire Ins. & Trust Co., 113 Pa. 204; Grimm's Est., 131 Pa. 199; Com. v. Haylow, 17 Pa. Superior Ct. 541.

Moreover, the cohabitation having been meretricious at its inception, its illicit character is presumed to continue. "If cohabitation between a man and a woman is shown to have been illicit in its inception, in the absence of proof to the contrary, the illicit relation will be presumed to have continued throughout the period of cohabitation, but this presumption is not conclusive. In other words, the presumption that a cohabitation meretricious in its origin continues to be of that character may be rebutted and proved to have become matrimonial, and a lawful common law marriage established. The change may be established by circumstantial evidence, but the circumstances must be such as to exclude the presumption that the original relation continued, and to prove satisfactorily that it was changed to matrimonial union by mutual consent": 18 R. C. L. 420; see also Hunt's App., supra; Com. v. Gamble, 36 Pa. Superior Ct. 146. Here the proof does not satisfactorily rebut that presumption. True, the deceased permitted her to assume his name and they took title to and later conveyed a piece of land in their joint names as husband and wife. The latter circumstance is strongly urged as proof of a changed relation; but the so taking and so conveying did not constitute a marriage; while the contention that it indicated there had been one is answered by appellant's positive testimony to the contrary. As we

said in Stevenson's Est., 272 Pa. 291, 296, joining in conveyances as husband and wife is not conclusive on the question of marriage. In Thewlis's Est., 217 Pa. 307, relied upon by appellant, the averment of marriage was supported by many circumstances aside from the joint execution of a deed. In the instant case the orphans' court would have been fully warranted in rejecting appellant's claim, under the circumstances developed at the hearing (Stevenson's Est., supra; Craig's Est., 273 Pa. 530), excluding her own admission; but as the latter is fatal to her case we deem it unnecessary to prolong the discussion.

The decree is affirmed and appeal dismissed at the costs of appellant.