## Mitchell's Estate

Before Gest, Henderson, Van Dusen and Sinkler, JJ.

*David R. Griffith,* for exceptant.
*Dewey Hoffman* and *Thomas J. Norris,* contra.

GEST, J., March 3, 1933.—The exceptant claimed her exemption as the so-called common-law wife of the decedent, and produced some testimony of cohabitation and reputation as such. There was also some testimony on the other side, but it is not necessary to consider any of it, for cohabitation and reputation do not constitute marriage, but merely raise a presumption of it, and in this case it all goes for nothing, as the claimant herself on the stand testified that there had been neither a ceremonial marriage or a marriage by agreement. The auditing judge, following McDevitt's Estate, 280 Pa. 50, correctly dismissed the exceptant's claim.

The other exceptions relate to the rulings of the auditing judge in reducing commissions and counsel fee, which are matters primarily in the discretion of the auditing judge: Bergdoll's Estate, 25 Dist. R. 102; Kujack's Estate, 4 D. & C. 414. If the auditing judge erred at all, it was on the side of liberality to the accountant and her counsel. The account, it may be noted, was not merely erroneous, but false, as credits were taken for moneys which had never been paid, and the accountant is entitled to no consideration.

All exceptions are dismissed, and the adjudication is confirmed absolutely.