Pegee, Appellant, *v.* Ricchini et al.

Argued March 19, 1940.

Before KELLER, P. J., CUNNINGHAM, BALD-

RIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Isaac R. Hirsch,* for appellant.

*Frank R. Ambler,* with him *George W. Bradford, Jr.,* for appellee.

OPINION BY RHODES, J., April 26, 1940:

The only question for our determination on this appeal is: Was there sufficient competent evidence to sustain the finding of the referee and the Workmen's Compensation Board that claimant had never been married to deceased? Claimant, in her claim petition, averred that she was the widow of William Pegee, an employee of defendant, and that he sustained an accident in the course of his employment, resulting in his death, on September 22, 1937. At the hearings before the referee claimant endeavored to establish that she was the common-law wife of deceased. The referee made findings of fact, conclusions of law, and an order disallowing compensation. The referee's sixth finding of fact was as follows: "6. That the claimant in this case, Ella Pegee, had never been married to the decedent." The board affirmed the findings of fact, conclusions of law, and order of the referee. Claimant appealed to the court of common pleas, which affirmed the board.

If there is sufficient competent evidence to support the findings of the compensation authorities, the judgment of the court below must be affirmed. Our investigation is here limited to a determination of that question, as on the findings the law has been properly applied.

The testimony which was presented before the referee was voluminous and in some respects conflicting, and consequently it was the duty of the compensation authorities to determine wherein the truth was to be found. Claimant testified that she began living with deceased in 1936, and described the circumstances under which their relationship started. She failed to state when or where the alleged oral agreement purporting to constitute a common-law marriage was made. It is unnecessary for us to give in detail the testimony. On the principal issue it was conflicting, and the credibility of the witnesses was for the compensation authorities. A witness testified that claimant told him that she and deceased "had been engaged to be married and put it off several times and finally his death prevented him from carrying out the engagement." Another witness testified that claimant said to him: "I'll tell you confidentially, I was not his wife, I was simply living with him." Another witness testified that deceased had lived continuously with her from 1931, and that on March 17, 1936, on her return from the hospital, she found claimant and deceased together in her house; that a month thereafter deceased ceased living with her, but continued to visit her regularly, and was with her on the Saturday preceding his death on Tuesday. This witness also testified that on this last visit deceased told her that as soon as her mother came out of the hospital they (witness and deceased) were to get married and live together.

If the cohabitation of claimant and deceased was meretricious at its inception, its illicit character is presumed to continue, but the presumption may be re-

butted and the cohabitation proved to have become matrimonial and a lawful common-law marriage established. *McDevitt's Estate,* 280 Pa. 50, 124 A. 294; *Edwards v. Enterprise Mfg. Co.,* 283 Pa. 420, 129 A. 449.

It was for the compensation authorities to determine all questions of fact, and the inferences of fact to be drawn from the evidence.

Claimant produced a number of witnesses for the purpose of showing cohabitation and reputation. As we said in *Caddy v. Johnstown Firemen's Relief Ass'n of the State of Pennsylvania,* 129 Pa. Superior Ct. 493, at page 495, 196 A. 590: "Cohabitation and reputation that the parties are married do not constitute a legal marriage—not even a common-law marriage—, but they are evidence from which a marriage may be found, if the circumstances are sufficiently strong and convincing to satisfy the triers of fact. If, however, the alleged widow is not satisfied to rest her case on reputation and cohabitation and attempts to prove the marriage by evidence of what occurred at the time of the alleged contract of marriage, and the evidence establishes that no marriage took place, the presumption arising from reputation and cohabitation, no matter how strong, must give way to the positive proof that no contract was made: *Bisbing's Est.,* 266 Pa. 529, 109 A. 670; *Edwards v. Enterprise Mfg. Co.,* 283 Pa. 420, 129 A. 449; *McDevitt's Est.,* 280 Pa. 50, 124 A. 294."

The burden was on claimant to establish her common-law marriage with deceased. The compensation authorities found as a fact that claimant was not married to deceased, and as there is legally competent evidence to support such finding it cannot be disturbed. See *Stahl v. Watson Coal Co.,* 268 Pa. 452, 454, 112 A. 14; *Morris v. McKeesport Coal & Coke Co.,* 99 Pa. Superior Ct. 112.

The fact that the Workmen's Compensation Board in its opinion may have been wrong in its discussion of

the law is not material as the board affirmed the findings of fact and conclusions of law of the referee.

The judgment is affirmed.