12 N.J. Super. 376 (1951)
79 A.2d 722
RITA JORDAN, CHARLES W. JORDAN, HER HUSBAND, AND VINCENT PONTANI, PLAINTIFFS,
v.
ADELAIDE MOHAN, ALSO KNOWN AS ADELAIDE PONTANI, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided March 5, 1951.
*377 Mr. H. Hurlburt Tomlin, attorney for plaintiffs Rita Jordan and Charles W. Jordan (Messrs. Orlando, Devine & Tomlin, attorneys).
Mr. Albert B. Melnik, attorney for plaintiff Vincent Pontani.
Mr. Barney B. Brown, attorney for the defendant.
HANEMAN, J.S.C.
This is a suit seeking the partition of certain lands situated in the Township of Berlin, Camden County, New Jersey.
The plaintiffs, Rita Jordan and Vincent Pontani, are the children of the late Samuel Pontani, who died intestate on November 3, 1948. Charles W. Jordan is the husband of Rita Jordan.
The premises here in question were conveyed to Samuel Pontani and Adelaide Pontani, husband and wife, by deed dated April 1, 1943.
The sole question involved is whether Adelaide (Mohan) Pontani was the wife of Samuel Pontani on the date of the above referred to deed.
The defendant contends that she and Samuel Pontani entered into a common-law marriage on June 30, 1940. Common-law marriages are valid in Pennsylvania, where this marriage was allegedly contracted. It is admitted that both *378 Adelaide Mohan and Samuel Pontani were residents of Pennsylvania on June 30, 1940. If a valid marriage was undertaken in the state of the parties' residence, the conveyance succeeded in vesting an estate by the entirety in them. If there was no such valid marriage, then the estate of Samuel and Adelaide was a tenancy in common and the plaintiffs must succeed in this suit. Hubatka v. Meyerhofer, 79 N.J.L. 264 (Sup. Ct. 1910), reversed on other grounds, 81 N.J.L. 410 (E. & A. 1910); Mastbaum v. Mastbaum, 126 N.J. Eq. 366 (Ch. 1939).
In Pierce v. Pierce, 49 A.2d 346 (Pa. Sup. 1946), the court said at page 348:
"Where a common law marriage is asserted, any presumption which might otherwise be indulged in, becomes immaterial when the one asserting the validity of the relationship relies upon a putative contract which is legally insufficient to establish the fact of marriage. See McDevitt's Estate, 280 Pa. 50, 52, 124 A. 294, 295; In re Bisbing's Estate, 266 Pa. 529, 531, 109 A. 670, 671. In re Murdock's Estate, 92 Pa. Super. Ct. 275, 277, the court said: `* * * if she herself proves that no valid marriage contract was actually entered into between them, evidence as to cohabitation and reputation goes for nothing * * *.'"
See also Commonwealth v. Stump, 53 Pa. 132 (Pa. Sup. 1866); Richard v. Brehm, 73 Pa. 140 (Pa. Sup. 1873).
The words required to create a common-law marriage must be used in praesenti and not in futuro. Pierce v. Pierce, supra; Baker v. Mitchell, 17 A.2d 738; (Pa. Sup. Ct. 1941); In re Murdock's Estate, 92 Pa. Sup. Ct. 275 (1928).
Before considering the testimony relating to cohabitation and reputation, the evidence of the contract itself must be assayed. The sole testimony came from the lips of the defendant. She testified that on June 30, 1940, she and Samuel Pontani were married in her apartment at 1311 Erie Street, Philadelphia, Pennsylvania. She testified on two occasions, first on November 9, 1950, and second on November 28, 1950.
On the earlier of these dates she testified, after both counsel and the court had encountered great difficulty in extracting *379 from her the exact words used, that Samuel Pontani said the following: "Will you be my wife?" and she replied, "Will you be my husband?" That they then kissed and nothing more was said. She was accorded every opportunity and indulgence to recall the exact formula.
On the latter of these dates she testified with far greater certainty and recollection and amplified her former statement by adding that Samuel Pontani, after what is recounted above, placed a ring on her finger and then said, "Now we are man and wife" and she said "Yes."
The defendant testified that she and Samuel Pontani had planned for some three weeks prior to June 30, 1940, to get married on that date. Neither his two children by a prior marriage nor her son by a prior marriage asked by whom the marriage was to be performed, nor whether they could attend the ceremony, and this in spite of the fact that her son was then some 20 or 21 years of age, engaged to be married, and he and his fiance were to meet Adelaide and Samuel later the same day in Atlantic City. The son and his fiance, and the mother and her new husband drove to Atlantic City in separate cars and at different hours, even though they would pass Williamstown, where the marriage was purportedly to be performed. As closely knit as these parties then were, this seems a most unusual and unnatural state of affairs, if true.
In addition, the excuse given for withholding from the three offspring the story of the common-law marriage lacks corroboration, as does the lack of reason or excuse for the failure to obtain a marriage license.
Finally, the testimony of the jeweller who allegedly sold the wedding ring is most impressive. He testified that he never sold such a ring to defendant and Samuel Pontani, or either of them. This brands that portion of defendant's testimony a complete falsehood. Not only does this cast doubt upon the question of the ring but it as well casts doubt upon the entire alleged ceremony.
*380 In In re Murdock's Estate, 92 Pa. Super. Ct. 278 (1928), the court said:
"The law of Pennsylvania recognized common law marriages. But they are a fruitful source of perjury and fraud, and in consequence, they are to be tolerated, not encouraged; the professed contract should be examined with great scrutiny, and it should plainly appear that there was an actual agreement entered into, then and there, to form the legal relation of husband and wife."
Scrutinizing the testimony, as we must, it does not appear from defendant's testimony that there was an actual agreement. I am not satisfied that what defendant alleged occurred on June 30, 1940, did actually occur. I find, therefore, that defendant and Samuel Pontani did not enter into a common-law marriage.
It follows that defendant and Samuel Pontani were tenants in common.
Judgment will be entered for plaintiffs.