## Ksionska *v.* The Philadelphia & Reading Coal & Iron Company, Appellant.

Argued March 28, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*C. A. Whitehouse,* Assistant Counsel, with him *S. H. Torchia,* Assistant Counsel, *Ralph H. Behney,* Counsel, and *Charles J. Margiotti,* Attorney General, for appellants.

*Henry Houck,* for appellee.

OPINION BY GUNTHER, J., July 19, 1951:

In this workmen's compensation case the sole question involved is whether claimant was the common law wife of decedent, Andrew Ksionska, who died on April 15, 1947, from anthraco-silicosis. The compensation au-

thorities concluded that a valid common law marriage was proven and awarded compensation to the widow and a minor child of a former marriage who was dependent upon decedent for support. On appeal to the court below, the award of compensation was affirmed. The employer and the State Workmen's Insurance Fund have appealed.

Whether a valid common-law marriage was established depends upon the following testimony of claimant: "Q. After you obtained this marriage license, what did you and Andrew do? A. Live together! That is all. Q. Before you lived together did you and he say anything to each other? A. Nothing, Just he say like 'I am wife' and 'he husband.' . . . Q. What did you say? A. 'I am wife' and 'He husband'. . . . Q. He said 'you were his wife and he was your husband'? A. Yes. . . . Q. Did you agree to that? A. Yes." In addition to the foregoing testimony, there was corroborative testimony that decedent and claimant were known in the community as man and wife and lived together continuously since August, 1936; that decedent had listed claimant and the minor child for income tax exemptions and certified that he was married.

A common law marriage, admittedly valid in Pennsylvania, is one effected by agreement of the parties without the benefit of the formality of a church ceremony, an officiating officer, and without license. Essential prerequisites are mutual consent and intention to effect a present marriage, as distinguished from an agreement to effect a marriage at some future time. That mutual intention must be expressed *per verba de praesenti* and not *per verba de futuro*.

A common law marriage may be established by (1) proof of the contract itself; and (2) proof of cohabitation and reputation from which the fact of the contract may be inferred: *Pierce v. Pierce,* 355 Pa. 175, 179, 49 A. 2d 346; *Nikitka's Estate,* 346 Pa. 63, 29 A. 2d 521;

*McGrath's Estate,* 319 Pa. 309, 315, 179 A. 599; *Craig's Estate,* 273 Pa. 530, 533, 117 A. 221, 222. It is the fact of the contract itself which is the proof of the marriage. Proof of cohabitation and reputation as husband and wife does not establish the marriage, but is evidence from which the fact of a marriage contract may be presumed or inferred: *Grimm's Estate,* 131 Pa. 199, 201, 18 A. 1061; *Yardley's Estate,* 75 Pa. 207; *Pierce v. Pierce,* supra, 179. Such presumption or inference, however, may always be rebutted and will wholly disappear in the face of proof that no marriage in fact had been celebrated: *Nikitka's Estate,* supra; *Appeal of Reading Fire Ins. & Trust Co.,* 113 Pa. 204, 6 A. 60.

If a litigant does not rest a case upon proof of cohabitation and reputation but offers evidence of the marriage contract itself, the result must depend upon the sufficiency of the latter evidence: *Pierce v. Pierce,* supra, 179; *Fitzpatrick v. Miller,* 129 Pa. Superior Ct. 324, 327, 196 A. 83, 85; *Murdock's Estate,* 92 Pa. Superior Ct. 275, 277. Evidence of cohabitation and reputation as man and wife are of no avail if the asserted contract does not meet the standards required by law: *Pierce v. Pierce,* supra; *Bisbing's Estate,* 266 Pa. 529, 531, 109 A. 670; *Fitzpatrick v. Miller,* supra; *Murdock's Estate,* supra.

Mr. Justice PATTERSON, speaking for the Court in *Nikitka's Estate,* supra, said (p. 65): ". . . it has been held over and over again that where the claimant herself proves that no valid contract was actually entered into, evidence as to cohabitation and reputation is worthless". If, however, there is proof of a valid marriage contract, evidence of cohabitation and reputation is proper corroboration of that fact,—corroboration in the sense that the parties had, relying upon their agreement, lived together as husband and wife and were so known and recognized in the communities in which they lived.

Appellants contend that the claimant's testimony that she preferred to be married in church, and that the parties obtained a marriage license, clearly establishes that no valid common law marriage was effected. There is no merit to this complaint for if the common law contract complied with the requirement as to being *per verba de praesenti,* a preference for some other form of a ceremony cannot affect a common law ceremony validly performed: Cf. *Goldman's Estate,* 109 Pa. Superior Ct. 388, 167 A. 244.

Claimant was of foreign birth, and considering her mental capacity and her obviously apparent difficulty in speaking English, we are all of one mind that the evidence establishes that the words spoken by the parties exhibited a present intention of creating the relationship of husband and wife. We conclude, therefore, that the findings of the compensation authorities are supported by competent proof and that the law thereto has been properly applied.

Judgment affirmed.