## Wilkinson, Appellant, *v.* Bethlehem Mines Corporation.

Argued November 15, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Harold Kaminsky*, with him *William P. Kelly* and *Kaminsky & Kelly*, for appellant.

*Robert G. Rose*, with him *Francis A. Dunn*, for appellee.

OPINION BY GUNTHER, J., January 17, 1956:

Appellant, Agnes Wilkinson, has filed a claim for workmen's compensation. She is the widow of Ira Wilkinson who died as the result of an accident while employed by defendant, appellee. The referee refused to allow her compensation on the grounds that she was not the lawful wife of the decedent. The board and the lower court sustained the referee.

The testimony discloses that appellant was married to one William Gardner in 1905, had several children to him, lived as husband and wife for about six years

and then separated. While Gardner was still living and before her marriage to him was legally terminated, she obtained a marriage license in Indiana County with one James McKillop and went through a marriage ceremony with him before a justice of the peace. She and McKillop lived together and had several children. Gardner, the first husband, died and claimant continued to live with McKillop for a period of nine years. At the end of this period, claimant and McKillop separated and never lived together again.

In 1937 or 1938 appellant met Ira Wilkinson. On April 24, 1940, her children had a birthday party for her and invited Wilkinson. George Oblinsky, a constable, was also invited to the party and during the party he attempted to perform a marriage ceremony between claimant and Ira Wilkinson without a marriage license or any authority. The constable proceeded to perform some type of ceremony in which he pronounced Agnes Wilkinson and Ira Wilkinson as husband and wife by using the words, "I pronounce you man and wife." After the ceremony the parties began to live together as husband and wife and continued to do so until December 26, 1952, when Mr. Wilkinson was fatally injured in the course of his employment.

Claimant contends that the attempted marriage ceremony performed by a constable, together with subsequent cohabitation and reputation, was sufficient to constitute a valid common law marriage. We cannot agree. A common law marriage may be established by (1) proof of the contract itself; and (2) proof of cohabitation and reputation from which the fact of the contract may be inferred. *Ksionska v. Phila. & Reading C. & I. Co.*, 169 Pa. Superior Ct. 439, 82 A. 2d 505. The contract may be proven by showing an agreement of the parties to be married with the intention to ef-

fect a present marriage, and not an agreement to effect a marriage at some future time; the intent must be expressed per verba de praesenti and not per verba de futuro. *Ksionska v. Phila. & Reading C. & I. Co.*, supra; *Blecher Estate*, 381 Pa. 138, 112 A. 2d 129. The alleged ceremony performed by the constable was clearly inadequate to effectuate a valid contract of common law marriage. No words were spoken by either claimant or decedent and thus no utterances with a view to establishing the relationship of husband and wife were proven. Claimant admits the absence of verba de praesenti, but contends that, because the parties believed the constable was performing a valid marriage ceremony, their acceptance thereof and subsequent cohabitation resulted in a tacit agreement to marry. This contention ignores the clear requirements of a valid common law marriage contract.

The subsequent cohabitation and reputation of marriage are evidence from which a marriage may be inferred but do not of themselves constitute a marriage. A presumption arising from reputation and cohabitation will give way to positive evidence that no contract was made. If a litigant offers evidence of the marriage contract itself, the result must depend on the sufficiency of that evidence, and evidence as to cohabitation and reputation are of no avail. *Jamison v. Williams*, 164 Pa. Superior Ct. 344, 64 A. 2d 857; *Nikitka's Estate*, 346 Pa. 63, 29 A. 2d 521; *Ksionska v. Phila. & Reading C. & I. Co.*, supra. That is exactly the case in this instance, for the testimony of claimant herself nullified any possible presumption arising from cohabitation and reputation by proving that the alleged agreement to marry was legally insufficient.

In addition there was testimony tending to cast doubt upon claimant's intent at the time of the cere-

mony.   She admitted that she and decedent often considered a legal ceremony, with a marriage license. Also, her two previous experiences, in which she procured licenses and went through regular marriage ceremonies, belies her reputed ignorance of the requirements of the law.

We conclude that the findings of the compensation authorities and the court below are supported by competent proof and the law was properly applied thereto.

Judgment affirmed.