## Bisbing's Estate.

*Decedents' estates—Claim of alleged widow—Marriage—Cohabitation and reputation—Evidence—Presumption—Rebuttal.*

1. Cohabitation and reputation are circumstances from which marriage may be presumed, but such presumption may always be rebutted, and will wholly disappear in the face of proof that no marriage in fact had taken place.

2. A claim of a woman for the statutory interest of a widow in the estate of a decedent, will not be allowed where she testifies that the decedent asked her to get married, but that she declined, and she admits that her relations with the decedent were illicit at their inception, and continued so until his death. Under such circumstances no consideration can be given to her claim, founded solely upon cohabitation and reputation.

Argued February 9, 1920. Appeal, No. 27, Jan. T., 1920, by Anna Bisbing, from decree of O. C. Chester Co., Dec. T., 1918, No. 27, dismissing exceptions to auditor's report in estate of Eugene Bisbing. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Exceptions to report of Thomas W. Pierce, Esq., auditor. Before HAUSE, J.

The opinion of the Supreme Court states the case.

The court dismissed the exceptions to the auditor's report. The exceptions were to the finding that claimant was not deceased's wife, and to the distribution. Anna Bisbing, the claimant, appealed.

*Error assigned* was decree dismissing exceptions.

*Hugh Roberts,* for appellant, cited: Knecht v. Knecht, 261 Pa. 410; Richard v. Brehm, 73 Pa. 140; Strauss's Est., 168 Pa. 561; Com. v. Gamble, 36 Pa. Superior Ct. 146; Thewlis's Est., 217 Pa. 307.

*A. M. Holding,* for appellee, cited: Hunt's App., 86 Pa. 294; Reading Fire Ins. Co.'s App., 113 Pa. 205; Grimm's Est., 131 Pa. 199; Patterson's Est., 237 Pa. 24; Fuller's Est., 250 Pa. 78.

PER CURIAM, March 8, 1920:

Eugene Bisbing died intestate in 1917, and the appellant claims the statutory interest of a widow in his estate. She admits they never were married, her testi-

mony as to this being as follows: "Q. He asked you to get married? A. Yes. Q. And you declined? A. Yes." She further admitted that her relations with the decedent were illicit at their inception, and continued so until his death. Under the circumstances serious consideration cannot be given to appellant's claim, founded solely upon cohabitation and reputation. Cohabitation and. reputation are not marriage; they are but circumstances from which marriage may be presumed, but such presumption may always be rebutted and will wholly disappear in the face of proof that no marriage in fact had taken place: Hunt's App., 86 Pa. 294.

Appeal dismissed at appellant's costs.