# Commonwealth ex rel. *v.* May, Appellant.

*Parent and child — Husband and wife — Maintenance — Act of April 13, 1867, P. L. 78—Municipal court—Act of July 12, 1913, P. L. 711—Act of July 17, 1917, P. L. 1015.*

By the Act of July 12, 1913, P. L. 711, as amended by the Act of July 17, 1917, P. L. 1015, the municipal court is given exclusive jurisdiction in all proceedings brought against any husband or father wherein he has, without reasonable cause, separated himself from his wife or children or from both, or has neglected to maintain his wife and children.

On a petition for an order of support for the complainant, who is the wife of the defendant and their minor children, an order awarding the sum of $500 a month for the support of the petitioner and her children will be sustained, where there is evidence that a former order had been made by the municipal court on October 20, 1919, and the order appealed from was an application for an increase, due to the birth of a second child.

The fact that the defendant did not question at the first proceeding by appeal or otherwise, his marriage with the petitioner, that they had one child, and the necessity for maintenance within the statute, conclusively established such facts. The appellant could not, on the application for an increase of the allowance, retry the fact of marriage determined before.

An order requiring the defendant to pay the sum of $500 a month will be sustained where there is evidence to support it. A consideration of the record by the appellate court under the Act of April 18, 1919, P. L. 72, does not require that court to reverse a conclusion of the lower court, where there was evidence to sustain the finding.

Argued April 11, 1921. Appeal, No. 57, Oct. T., 1921, by defendant, from order of Municipal Court of Philadelphia, Oct. T., 1919, No. 2153, granting an order of support in the case of Commonwealth of Pennsylvania ex relator Ida Koutsoumbos or May v. George P. May. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Petition for order of support for wife and two minor children. Before McNICHOL, J.

The facts are stated in the opinion of the Superior Court.

The court ordered the defendant to pay to his wife, Ida May, the sum of $500 for the support of herself and two minor children and enter security in the sum of $2,500 in the faithful compliance of the order. Defendant appealed.

*Errors assigned* were various rulings on evidence, the order of the court, the refusal to permit defendant's counsel to show through the claimant and otherwise that the marriage was bigamous, and that the court had no jurisdiction.

*Abraham Wernick,* of *Evans, Forster & Wernick* for appellant.

*Eugene V. Alessandroni,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY LINN, J., July 14, 1921:

Appellant complains of an order of the municipal court requiring him to pay $500 a month to maintain his wife and two children; it is the second order made in the proceeding. The first order was made October 20, 1919, and provided for the support of his wife and one child, another child having been born since.

The suit is authorized by the Act of April 13, 1867, P. L. 78, requiring a husband to maintain his wife and children. Section 11 of the Act of July 12, 1913, P. L. 711, amended July 17, 1917, P. L. 1015, gives exclusive jurisdiction to the municipal court: "In all proceedings brought against any husband or father, wherein it is charged that he has without reasonable cause separated himself from his wife or children, or from both, or has neglected to maintain his wife or children......"

On the affidavit of Ida Koutsoumbos that she was the wife of appellant and that he neglected to maintain her and their four-months old son, appellant was arrested and gave bail for appearance. The record shows the case was heard in the municipal court on October 20, 1919, with all parties present, and it states that "The parties have agreed on an order of $25 a week for the support of the defendant's wife and one child." It also appears that the court then ordered appellant to "pay to his wife, Ida Koutsoumbos, the sum of $25 per week for the support of herself and minor child, Theodore, and that he enter security in the sum of $500," etc.; such bond was filed. On March 2, 1920, on the petition of the wife charging that appellant was $350 in arrears, an attachment went out and he was brought in; he paid up and was discharged from custody.

On January 12, 1921, she applied in the same record for maintenance for herself and a second minor child. This application was heard January 14, 1921, and the court ordered defendant to pay "the sum of $500 per month for the support of herself and two minor children, and enter security in the sum of $2,500," etc. This appeal is from that order. The proceeding was treated as an application for an increase of the order made October 20, 1919. The petitioner testified that she was married to appellant June 22, 1918, lived with him as his wife and that two children were born, one then aged 19 months and the other then aged 5 months. She offered in evidence an application for a marriage license obtained in New York and a marriage certificate duly certified showing her marriage to appellant by a deputy city clerk in Kings County, New York. In the license application sworn to and signed by both parties, each stated that neither was then married, divorced nor had a spouse then living; that he was born in Greece and she in this state. She testified that his earnings were "about $50,000 last year." He testified that he received

$45 a week as manager of a restaurant and baking company.

We gather from what was said by counsel at this hearing in January, 1921, that the order under review should not have been made because the marriage to petitioner was said to be bigamous. In their printed brief, his counsel say "appellant attacks the jurisdiction of the court as well as the regularity of the proceedings," which apparently includes all that was sought to be raised by the ten assignments of error.

We have referred to the statutes creating the liability, providing for its enforcement and conferring jurisdiction of the subject-matter. The record shows jurisdiction of the parties and their appearance in court as well as their participation in the proceedings. An assignment of error complains of the refusal to permit petitioner to answer this question in cross-examination: "You know as a fact that Mr. May [Koutsoumbos] had a wife living at the time of this marriage" [to petitioner]? In addition to asking that question counsel for appellant proposed to show, apparently by cross-examining petitioner, that appellant was indicted in the quarter sessions on charges by her in an affidavit made in July, 1920, stating that she was married to him and that she was informed and believed that at the time of the marriage to her he was married to another woman, which marriage was then undissolved.

We cannot sustain appellant's contentions for two reasons: 1. When the case came on for hearing, January 14, 1921, the order of October 20, 1919, was in effect. Defendant had not questioned it by appeal or otherwise; on the contrary, he had complied with it. The record meant that these facts, among others, were adjudicated (a) the marriage of petitioner and appellant, (b) that they had one child, (c) the necessity for maintenance within the statute.

On the application of the wife setting forth that another child had since been born to them and desiring

that the order be increased, what had once been adjudicated as to the status of the parties remained so.    It gained nothing by the evidence offered by petitioner of the ceremonial marriage in New York if that evidence was not offered at the first hearing.    Appellant could not on this application for an increase of the allowance retry the fact of marriage determined before.    While we might stop at this point, we may indicate the basis upon which appellant's other contention must also fail.

2. The evidence excluded was not sufficient to prove the invalidity of the marriage to petitioner.    Though it does not appear what her answer to the question quoted would have been, it is obvious that her knowledge at the time of the examination that he had a wife living when he married petitioner, without more, would have been insufficient to prove the fact of prior marriage still subsisting, or to exclude her and their children from the benefits of the Act of 1867 in all circumstances.    Nor would her declaration made in July, 1920, on information and belief in the affidavit referred to (but not offered in evidence) be sufficient to overcome the presumption of the legality of his marriage to petitioner and the legitimacy of the two children: Wile's Est., 6 Pa. Superior Ct. 435; Thewlis's Est., 217 Pa. 307; Hilton's Est., 263 Pa. 16.

We cannot hold the order excessive; consideration of the record under the Act of April 18, 1919, P. L. 72, does not require us to reverse a conclusion that has evidence to sustain it.    As the testimony about appellant's income was conflicting, and as it was the duty of the court below to find the fact, and as there was evidence to sustain the finding, we may not disturb it: Hand's Case, 266 Pa. 277, 281; Com. v. Betts, 76 Pa. Superior Ct. 96.

The order is affirmed.