## Commonwealth *v.* Knobloch, Appellant.

*Husband and wife—Maintenance—Order of support—Modification of order—Reduction.*

On a petition to modify an order of support, a reduction of fifty dollars per month is proper, where there has been a corresponding diminution of the income of the petitioner.

In such proceedings the only question before the court is the determination of allowance, and the court is not required to review the merits of the original order, nor will the Superior Court consider matters not involved in the controversy below.

Argued October 4, 1926. Appeal No. 2 April T., 1927, by defendant from judgment and sentence of Q. S. Erie County, February Sessions, 1925, No. 67, in the case of Commonwealth of Pennsylvania v. Walter Knobloch. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Petition for reduction of order of support. Before HIRT, J.

The facts are stated in the opinion of the Superior Court.

The court reduced the order from $300 to $250 per month. Respondent appealed.

*Error assigned,* was the decree of the court.

*S. Y. Rossiter,* and with him *T. P. Dunn,* for appellant.

*Charles H. English,* of *Brooks, English & Quinn,* for appellee.

OPINION BY TREXLER, J., October 19, 1926:

On February 21, 1925, Walter H. Knobloch, the defendant, presented his petition to the Court of Quarter Sessions of Erie County in which he alleged that information had been made against him on the 14th day of June, 1924, by his wife, alleging desertion and failure to support her; that the case had been heard on the 11th day of August, 1924; and that on the 4th day of February, 1925, an opinion had been filed and a decree entered which ordered him to pay his wife, Mabel Knobloch, $300 a month for her support until further order. That since the date of said hearing, August 11, 1924, deponent's income had decreased by the sum of Four Thousand ($4,000) Dollars annually, and his necessary expenses had increased by the sum of Two Thousand ($2,000) Dollars annually for the education of his son in college, and that therefore, the amount of $300 monthly was excessive and burdensome and prayed that a rehearing might be had in order that said order might be modified.

On February 21, 1925, a rule to show cause was granted and presumably the rule was made absolute, for on December 4th, a hearing was had and the court reduced the amount payable per month from $300 to $250. This order was responsive to the petition and its correctness is the only matter before us. The duty upon the lower court was to decide what sum was reasonable and proper for the comfortable support and maintenance of the wife and to determine whether defendant had sufficient ability to pay said sum. Unless there is a clear abuse of discretion, the appellate court will not substitute its judgment for that of the trial judge.

It appears from the testimony of the case that the appellant at the time of the first hearing had an income of $15,000; at the time the rehearing was had, it was $12,450, including a salary of $150 per week. He is the owner of the controlling interests in two corpora-

tions, one of which corporations had a book value amounting to over $160,000. He is paying $1500 each year life insurance premiums, his son being the beneficiary. Defendant is also the owner of an undivided ½ interest in a farm bordering on the line of the city of Erie, consisting of 160 acres which is non-productive. The defendant declined to give its exact value, "probably $25,000." His estimate of his entire worth, he stated, was problematical. He had before these proceedings were started, paid to his wife or for her account $3249 a year.

The defendant undoubtedly has large earning power, but the decrease in his receipts from the corporations in which he is interested no doubt, moved the court to reduce the amount which he had heretofore allowed by $50 a month. An order of $3000 a year for the comfortable support and maintenance of his wife under these circumstances is not unreasonable, considering the financial ability of the husband. It must be left to the discretion of the lower court very largely as to what the amount of support should be. We can easily imagine that a man of large means could so adjust his finances, incur liability for insurance premiums and other subjects and so regulate his investments that a very small net income might result. In considering the "sufficient ability" of the husband referred to in the Act of April 13, 1867, P. L. 78, Sec. 1, not only the actual amount earned should be counted, but all the attendant circumstances must be considered.

Great emphasis is laid by the appellant upon the proposition that the court has no right to make an order for support in this case, because of the lack of proof of desertion and separation without reasonable cause shown. That question is not before us. From the order made after the first hearing there has been no appeal. The petition for rehearing as we have already stated, sought relief merely as to the amount which was to be paid. There is not a word in it con-

cerning any relief of the defendant from the entire obligation. From a reading of the testimony given in the second hearing, we concluded that it was assumed that the desertion had occurred and that the duty of maintenance was evident. The court was not required to go over that matter again, neither will we now consider the case in respect to matters not involved in the controversy below. This case is similar to that of Commonwealth v. May, 77 Pa. Superior Ct. 40, where an order of support was made for the support of a petitioner and her children and upon application for an increase of allowance, we held that upon the second petition, respondent could not prove that the court had no jurisdiction because the marriage to the petitioner was said to be bigamous. We held that when the first case came on for hearing and the decision of the court was not questioned by appeal or otherwise, but on the contrary was complied with, the marriage of the petitioner and the fact that they had one child, and the necessity for maintenance within the statute were adjudicated and could not be questioned on the application for a change of alimony.

We gather from the opinion of the lower court that as long as the wife occupies the dwelling house held in entireties by her and her husband "she agrees to pay all of the maintenance charges of the property, including taxes and repairs thereon."

The order of the lower court is affirmed, the appellant to pay the costs.