Commonwealth ex rel. Coats *v.* Coats, **Appellant.**

194

Argued October 2, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*E. C. Cole,* and with him *Josiah H. Marvis,* for appellant.—The testimony failed to establish common law marriage and the order of support was error: Davis' Estate, 204 Pa. 602; Craig's Estate, 273 Pa. 530; Yardley's Estate, 75 Pa. 207; Hunt's Appeal, Jackson's Estate, 86 Pa. 294; McDevitt's Estate, 280 Pa. 50; Patterson's Estate, 237 Pa. 24.

The order of support was excessive: Commonwealth ex rel. Bowie v. Bowie, 89 Pa. Superior Ct. 288.

*Hugh D. Scott, Jr.,* Assistant District Attorney, and with him *John Monaghan,* District Attorney, for appellee.—Where the decision of the lower court awarding the original order was not questioned by appeal, but was complied with, the fact of marriage of the petitioner and the necessity for maintenance within the statutes was adjudicated and cannot be questioned on a subsequent petition: Commonwealth v. Knobloch,

89 Pa. Superior Ct. 216; Commonwealth v. May, 77 Pa. Superior Ct. 40.

OPINION BY BALDRIGE, J., November 22, 1929:

An order was made on the defendant directing him to pay fifteen ($15) dollars a week for the support of his wife and minor child as a result of a hearing had on May 10, 1929.

A petition for rehearing was filed on May 25, 1929, and the rule granted thereon was discharged, July 28, 1929.

The appellant seeks to be relieved from contributing toward the complainant on the ground that she is not his wife, and he complains furthermore that the order is excessive. The appellee contends that the appellant is confined to the sole question as to whether or not the parties were common-law husband and wife, as there was no exception taken to the order made on May 10, 1929.

Under the Act of May 11, 1911, P. L. 279, it was not necessary for this appellant to except to the order of the court to obtain a review of its decision. We will, therefore, pass upon both questions raised in this appeal.

At the original hearing the appellant did not raise any question respecting his legal liability to support both the mother and the child. He was asked:

"Q. Have you been doing anything for your wife and child?

"A. Yes sir.

"Q. How much have you been paying her?

"A. I don't know just what. I gave them all I could under the conditions."

It was in his petition for a rehearing that he alleged that the complainant was not his lawful wife and that they had never lived together as man and wife.

The testimony taken on the application for rehear-

ing reveals that this appellant first met the complainant in a Child's restaurant, in January, 1919. In 1922, they were living together in St. Louis as husband and wife. She gave birth to a baby there in a hospital. She testified that this appellant made all the arrangements for her to go to the hospital, took her there, and registered her as his wife, and paid her hospital bills. After that, the appellant concedes that she was known, although not by everybody, as Mrs. Coats. The child bore the name of Fred Howard Coats. Later they were living together in New Orleans. They then returned to St. Louis and from there the appellant came on to New York and she followed, where she remained a short time. He sent letters to her, as early as March, 1921, and as late as March 21, 1929, addressed to "Mrs. E. P. Coats."

It was necessary for this complainant to go to a hospital in Philadelphia about four years ago, where he had her registered as Mrs. Coats, and he called to see her there and paid her expenses.

The testimony supports the conclusion that their relations were marital rather than meretricious. Their cohabitation and the reputation she had as being the wife of the appellant, which he largely assisted in establishing, are circumstances from which a marriage may be presumed: Greenawalt v. McEnelley, 85 Pa. 352; Commonwealth v. Mudgett, 174 Pa. 211 (243); Commonwealth v. Haylow, 17 Pa. Superior Ct. 541.

This brings us to the second question, that is, whether the order to pay fifteen ($15) dollars a week was excessive.

The appellant is employed as a merchandise broker and it is conceded that his income is one hundred and fifteen ($115) dollars a month. The payment of sixty ($60) dollars a month would be more than one-half of his present income. This seems to all of the members of the court as too large a proportion of the de-

fendant's income to pay to the claimant. After careful consideration of all the facts and circumstances, a payment of twelve ($12) dollars a week would seem to be more equitable.

The decree of the lower court is accordingly modified so that the appellant is directed to pay the sum of twelve ($12) dollars a week to the support of his wife and minor child, effective as May 10, 1929.

Costs to be paid by the appellant.