## Commonwealth, ex rel. Readel, v. Readel.

Leo J. *Ritter* and Joseph R. *Winslow*, for plaintiff.
*Septer W. Douglas*, for defendant.

SOFFEL, J., September 8, 1930.—This case is before the court on the petition of Charles Readel, defendant, to have the order of this court requiring him to

pay the prosecutrix the sum of $7.50 per week vacated because the marriage between him and the prosecutrix was bigamous, in that the prosecutrix was never legally divorced from her husband, Charles Adams, and upon the petition of Mrs. Susan Readel, mother of said defendant, to be released as surety upon bond in the sum of $500 for the same reason.

The prosecutrix obtained a divorce from Charles Adams in Ohio on October 8, 1927, and on October 28, 1927, married the defendant. In July, 1928, she filed the complaint in this case, alleging desertion and nonsupport on the part of the defendant. July 31, 1928, an order was made against the defendant awarding prosecutrix the sum of $7.50 per week, with surety in the sum of $500. The mother of the defendant became surety, and, after various motions and orders, on March 14, 1930, the surety filed a petition to be released from her bond, alleging as a reason that the prosecutrix had not been legally divorced from her former husband. Subsequently, April 21, 1930, defendant filed a similar petition, upon which petitions a special hearing was had May 20th, and which are now before us.

We cannot sustain the contentions of the said petitioners for two reasons:

1. The record in this case shows that the court had jurisdiction of the parties, and that they appeared and participated in the proceedings. The original hearing in this case determined the status of the parties. This was not questioned by appeal or otherwise by the defendant. Although this case was originally heard in July, 1928, the first allegation of an illegal marriage between the parties was made in March, 1930. What had once been adjudicated as to the status of the parties remained so. For this reason alone defendant's petition must be dismissed: Com. ex rel. v. May, 77 Pa. Superior Ct. 40; Com. v. Knobloch, 89 Pa. Superior Ct. 216.

2. While immaterial as we view the case, we are further of the opinion that the evidence adduced at the hearing is insufficient to overcome the presumption of a valid marriage between the parties.

There was an attempt made to show that in the procurement of a divorce from her first husband prosecutrix had perjured herself in her statements before the court of Ohio that she had been a legal resident there for the period of a year prior to filing her libel in divorce. In support of this allegation, she was called as for cross-examination and testimony presented tending to show that she had been a resident of McKeesport during the time when she was supposedly residing in Ohio. To substantiate this, there was offered in evidence, over the objection of counsel for prosecutrix, a certified copy and journal entry of the Court of Common Pleas of Lorrain County, Ohio. Mr. Charles Readel, the defendant, the next witness, testified that he had started for Ohio with prosecutrix's brother at the time she went down to have her divorce hearing, but that he was not in court at the time the hearing was had. Mrs. McVicar, the next witness, merely testified to the fact that prosecutrix, prior to her marriage with defendant, had talked over the phone at her home to her former husband. The date of this was fixed as April, 1927, and May, 1927. Susan Readel, mother of the defendant, testified that Adams, the former husband of prosecutrix, came to her home the Sunday after the Readels were married, posed as a detective, asked if her son was married, and said that he was never notified. This evidence standing alone is insufficient to rebut the presumption of a valid marriage.

While the writer of this opinion was not present at the trial nor during the argument of the case, yet the record, testimony and briefs present the case so fully that there was no difficulty in arriving at a clear understanding of the

facts and coming to the foregoing conclusion, in which the president judge joins in every particular.

The petition to vacate the order for maintenance should be dismissed and an order of court will be drawn accordingly.

From William J. Aiken, Pittsburgh, Pa.