Commonwealth ex rel. *v.* Iacovella, Appellant.

Argued November 19, 1935.

Before Keller, P. J., Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Hugh Roberts,* for appellant.

*John F. Burgess,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney, for appellee.

Opinion by Rhodes, J., January 31, 1936:

The appellant, Pompeo Iacovella, appeals from an order of the municipal court of Philadelphia, dated April 17, 1935, dismissing his petition, filed April 17, 1935, to modify and revoke an order of support entered against him on November 21, 1934, directing the payment of $3.50 per week for the support of his alleged child.

Yolanda Iacovella, the relator, and Pompeo Iacovella,

the defendant, were married in 1926. They separated on April 12, 1931; the wife going to live with her parents. Both before and since their marriage the parties have lived in Philadelphia. A child was born to the relator on June 3, 1934. In August, 1934, she filed her petition in the municipal court for the support of the child. The defendant husband denied paternity of the child. Five separate hearings were held by the court below, at all of which defendant appeared. The first hearing was held on September 12, 1934. At this hearing the defendant denied that he was the father of the child, and the wife stated that she was unable to take the child home. The court made the following order: "Committed to C. C. B. St. Vincent's. Order on the County. C. F. N. order on the mother and the father." The hearing was continued to October 17, 1934, and again to October 24, 1934. There was a further continuance until November 14, 1934, when, all parties being present, considerable testimony was taken. Another hearing was held on November 21, 1934, at the conclusion of which the court made the following order: "Remain as placed. Reimburse order on the father, Pompeo Iacovella, of $3.50 a week." On April 17, 1935, the defendant presented his petition to modify and revoke the order of November 21, 1934. The court below dismissed the petition. On June 12, 1935, the defendant was brought before the court below for failure to comply with the court's order to pay $3.50 per week for the support of the child. The docket entries show that certiorari to the municipal court was filed on June 7, 1935.

At the hearings before the court below, testimony was presented relative to the paternity of the child. This testimony was conflicting. The wife alleged that the defendant was the father of her child, which he denied. His defense was that he had been separated from his wife for three years previous to the birth of the child,

and that the child was not his, because of nonaccess. He produced testimony as to nonaccess, which contradicted that of his wife. He also produced evidence that within a year previous to the birth of the child his wife had been convicted of being an inmate of a disorderly house, and that when the child was born she had made admissions to the effect that the defendant was not the father of the child. Defendant's petition for the modification or revocation of the support order was presented on April 17, 1935, almost six months after the support order of November 21, 1934. This petition contained a denial that the defendant was the father of the child, and set forth nothing more than a resume of the testimony previously produced in support of this contention.

The appellant's first assignment of error is to the entry of the order against him by the lower court, on November 21, 1934, for the payment of $3.50 per week. It is apparent that this assignment of error must be overruled. No appeal was taken, within the prescribed time, from the order of November 21, 1934, nor was any exception ever taken by appellant thereto. This order, being unappealed from, adjudicated, among other facts, the following: (1) The appellant and the relator were married; (2) the child in question was the child of the appellant; (3) the necessity for support at the time the order was made. Commonwealth ex rel. v. May, 77 Pa. Superior Ct. 40; Commonwealth v. Knobloch, 89 Pa. Superior Ct. 216. In Commonwealth v. Bednarek, 62 Pa. Superior Ct. 118, 120, a case similar to the instant case, this court held: "There is the further objection that the question which the appellant proposed to try was res adjudicata. ...... It was a material inquiry in the original hearing whether Elizabeth was in the class 'children' as described in the Act of 1867; and that question having been decided by a court of competent jurisdiction it was not within the capacity

of the Municipal Court to retry that issue. It was said in Schwan et al. v. Kelly et al., 173 Pa. 65, that 'the rule that what has been judicially determined shall not again be made the subject of controversy extends to every question in the proceeding which was legally cognizable and applies where a party had neglected the opportunity of trial or has failed to present his cause or defense in whole or in part under the mistaken belief that the matter would remain open and could be made the subject of another proceeding.' "

The appellant was confronted with the burden of overcoming the strong presumption of legitimacy of the child. "The policy of the law strongly favors legitimacy and is opposed to the bastardizing of a child. This presumption remains until the contrary is clearly made to appear": Commonwealth ex rel. Moska v. Moska, 107 Pa. Superior Ct. 72, 76, 162 A. 343, 344. This presumption, however, is rebuttable. Dulsky v. Susquehanna Collieries Co., 116 Pa. Superior Ct. 520, 177 A. 60. This would be accomplished by evidence so plainly showing nonaccess that appellant could not in the course of nature have been the father of the child. However, it is the province of the court having jurisdiction of the proceedings to determine questions of fact arising from the testimony. Commonwealth ex rel. Berardino v. Berardino, 96 Pa. Superior Ct. 288, 293. The court below erroneously assumed that the appellant's testimony on the question of legitimacy should not be considered. The testimony of the wife, if believed, would be a basis for the order made by the court below; but the weight of the evidence in this case was with the appellant. This court, even when the question is properly before it, does not weigh conflicting evidence in such cases, but determines whether the order is supported by any competent evidence. Commonwealth v. Leonard, 93 Pa. Superior Ct. 21; Revocation of Mark's License, 115 Pa. Superior Ct. 256, 176 A. 254. Had

the appellant appealed from the order of November 21, 1934, this court could have given consideration to the question raised in the first assignment of error. The appellant took no action, from the date of the entry of the order on November 21, 1934, until he filed his petition to modify and revoke on April 17, 1935. No appeal of any kind was taken until June 7, 1935. In view of the appellant's neglect and delay to question the order made against him, the matter about which he complains is res adjudicata.

The appellant's second assignment of error is to the court's dismissal of his petition, filed April 17, 1935, to modify and revoke the support order of November 21, 1934. This petition, although entitled "Petition to Modify and Revoke Order," was, in substance, as we have pointed out, only a review of the testimony produced at the former hearings relative to the paternity of the child, and was nothing more than an attempt to attack the validity of the original order for support on the ground that the child was not the child of the appellant. This matter had been passed upon by the court and adjudicated by its order of November 21, 1934, directing the appellant to pay for the child's support. The appellant could not, by filing what he calls a "petition to modify and revoke," retry the question of the child's paternity, which had been determined before and no appeal taken from that determination. Commonwealth ex rel. v. May, supra, 77 Pa. Superior Ct. 40, page 44. An order for support can be opened upon petition, if the circumstances, which existed when the application in the first instance was made, have altered; but such is not the situation presented in this case.

The appellant also complains because he was not given a jury trial on the question of the paternity of the child, and that the complaint or petition does not set forth any legal offense committed by the appellant. He apparently fails to comprehend the nature of a proceed-

ing for nonsupport under the Act of April 13, 1867, P. L. 78 (18 PS §1251 et seq.), as amended by the acts of March 5, 1907, P. L. 6, April 15, 1913, P. L. 72, and June 15, 1917, P. L. 614. We have repeatedly pointed out that a defendant is not found guilty thereunder of a misdemeanor. The court can do no more than make an order, with power to commit, if not complied with. Commonwealth v. McClelland, 109 Pa. Superior Ct. 211, 167 A. 367; Commonwealth v. Smith, 117 Pa. Superior Ct. 318, 178 A. 335.

The order of the court below is affirmed.