Commonwealth ex rel. Isaacs *v.* Isaacs, Appellant.

Argued October 30, 1936.

Before KEL-
LER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARK-
ER, JAMES and RHODES, JJ.

*Edwin M. Abbott,* with him *David W. Niesenbaum,* for appellant.

*Joseph L. Fox,* for appellee.

OPINION BY RHODES, J., December 21, 1936:

This is an appeal by Samuel W. Isaacs from an order of the municipal court dismissing petition and rule on his wife, Estella M. Isaacs, to show cause why an order of support should not be vacated.

The original support order was made on March 24, 1936, directing defendant to pay his wife the sum of $5 per week. This order was based upon testimony taken at hearing on January 15, 1936. On December 13, 1935, Estella M. Isaacs, wife of the defendant, had made a complaint of nonsupport under the Act of April 13, 1867, P. L. 78, as amended (18 PS §1251 et seq.). At the hearing defendant took the position that a separation agreement entered into between the parties on February 8, 1928, was a bar to the proceedings. The court held otherwise, and made an order of support. No appeal was taken from this order of March 24, 1936.

It appears that on January 14, 1928, defendant's wife made a complaint against him under the Act of 1867 for nonsupport, and that hearings thereon were held in the court below on February 2, and February 9, 1928. On the latter date, before any order had been made, the parties presented to the court executed articles of agreement, dated February 8, 1928, wherein it was provided: "That the party of the first part [defendant] shall withdraw from the residence of the party of the second part [the wife], 5143 Hazel Avenue, Philadelphia, and shall relinquish all right, interest, and claim forever to all personal property and household goods, furniture and furnishings now in possession of the party of the second part [the wife].

"The party of the first part [defendant] further agrees that he will never annoy, molest or call to see the party of the second part [the wife].

"The party of the second part [the wife] agrees that she will relinquish all claims for alimony or support against her husband, the party of the first part [defendant], and it is her desire that any proceedings now pending in the Municipal Court of this county for support against the party of the first part [defendant] shall be withdrawn, and that she will never make any

claim against the party of the first part [defendant] for any support."

The complaint was withdrawn, and nothing further transpired between the parties until the complaint of December 13, 1935.

On April 13, 1936, defendant presented his petition for vacation of the support order; whereupon the court granted a rule on his wife, Estella M. Isaacs, to show cause why the order of support of March 24, 1936, should not be vacated. This petition had attached thereto a copy of the agreement between the parties, dated February 8, 1928, and which had been presented at the hearing on January 15, 1936. It set forth that, in accordance with the said agreement, defendant had turned over to his wife all of the furniture and furnishings; that no money was paid by him to his wife; that at the hearing on January 15, 1936, defendant had objected to the proceedings on the ground that the separation agreement was a bar thereto; that an order of support was made on March 24, 1936, of $5 per week; that defendant did not present any evidence at said hearing because he relied on the agreement of separation as a bar to the support of his wife; that he now asked for a further hearing to present additional testimony; that such testimony, together with the agreement of separation, would warrant the vacation of the order for support. Hearing was held on July 22, 1936, on the petition and rule. Defendant presented testimony that the furniture cost $2,000; that he paid for it; that it became the absolute property of the wife, under the agreement of February 8, 1928. Testimony was also produced that the wife bought and paid for most of the furniture, and that it had little value. At the conclusion the court below dismissed the petition and rule. Defendant has appealed.

Appellant contends that the facts did not warrant imposition of the original support order, and that the

court below, having made such order contrary to the provisions of the agreement of February 8, 1928, erred in refusing to vacate such order.

At the hearing on January 15, 1936, appellant relied on the agreement of February 8, 1928, to defeat his wife's attempt to require him to support her. The court concluded that the agreement was no bar to the proceedings, and made an order of support on March 24, 1936. "It is now firmly settled in this state that a valid agreement may be made for an actual and immediate separation between husband and wife, if made upon reasonable terms and actually carried into effect by both parties in good faith, and when so made such deed is a bar to a proceeding commenced by the wife under the Act of April 13, 1867, P. L. 78 [as amended (18 PS §1251 et seq.)], to compel her husband to support and maintain her": *Adams v. Adams*, 32 Pa. Superior Ct. 353, at page 355. See, also, *Commonwealth v. Richards*, 131 Pa. 209, 18 A. 1007; *Commonwealth v. Smith*, 13 Pa. Superior Ct. 358; *Id.*, 200 Pa. 363, 49 A. 981.

However, the effect of the order of the court of March 24, 1936, in so far as it involved the matter of support, was to determine that the parties were married; that the agreement of February 28, 1928, was no bar to the granting of support to the wife; that the wife was entitled to support; and that it was the duty of the appellant to provide it. Appellant's failure to appeal from that order adjudicated these matters, whether the court's conclusion as to the legal effect of the agreement was correct or erroneous. See *Commonwealth ex rel. v. May*, 77 Pa. Superior Ct. 40, 43.

The separation agreement was a material issue in the hearing of January 15, 1936. The court construed it as unreasonable and no bar to support. That issue cannot be tried again on appellant's petition to vacate the original order; it is res adjudicata. *Schwan et al.*

*v. Kelly et al.,* 173 Pa. 65, 33 A. 1107. See, also, *Commonwealth ex rel. v. Iacovella,* 121 Pa. Superior Ct. 139, 182 A. 727; *Commonwealth v. Snyder,* 124 Pa. Superior Ct. 35, 187 A. 816.

Whether the original order of March 24, 1936, was warranted, in view of the agreement of February 8, 1928, is not before us *(Commonwealth v. Knobloch,* 89 Pa. Superior Ct. 216); nevertheless, no appeal therefrom having been taken, it finally determined the right of the wife to, and her need of, support from the appellant.

"An order for support can be opened upon petition, if the circumstances, which existed when the application in the first instance was made, have altered; but such is not the situation presented in this case": *Commonwealth ex rel. v. Iacovella,* supra, 121 Pa. Superior Ct. 139, at page 144, 182 A. 727, at page 729. See, also, *Commonwealth ex rel. Kohler v. Kohler,* 100 Pa. Superior Ct. 345; *Commonwealth ex rel. Nolde v. Nolde,* 105 Pa. Superior Ct. 334, 161 A. 450; *Commonwealth v. McClelland,* 109 Pa. Superior Ct. 211, 167 A. 367.

Neither the petition for vacation of the order nor the testimony produced at the hearing thereon showed any change in circumstances which would entitle appellant to a vacation of the order. On the contrary, the entire proceeding was an attempt to retry the question which had been determined by the original order; and the petition to vacate did not take the place of an appeal from that order.

"Although the reduction or revocation of an order for support is largely within the discretion of the court below, it must be based upon facts appearing in the record, which show such a permanent change in the defendant's circumstances as to require a modification or revocation of the existing order. *Commonwealth ex rel. Berardino v. Berardino,* 99 Pa. Superior Ct. 532": *Commonwealth ex rel. Snyder v. Snyder,* 120 Pa. Su-

perior Ct. 189, at page 192, 182 A. 62, at page 63.

The court below properly dismissed appellant's petition and rule to show cause why the order of March 24, 1936, should not be vacated.

Order of the court below is affirmed.