## Commonwealth ex rel. Jamison v. Jamison, Appellant.

Argued May 5, 1942.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Harry Goldbacher,* with him *van Roden & Lindenmuth,* for appellant.

*Joseph D. Calhoun,* Assistant District Attorney, with him *William B. McClenachan, Jr.,* District Attorney, for appellee.

OPINION BY RHODES, J., July 23, 1942:

This is an appeal by defendant from an order increasing the amount for support in a nonsupport proceeding under the Act of June 24, 1939, P. L. 872, §733, 18 PS §4733. On May 15, 1941, the Court of Quarter Sessions of Delaware County made an order, based upon a written agreement signed by defendant and relatrix, directing defendant to pay $6.25 per week for her support, and the necessary medical expenses, etc., as she was pregnant at that time. No appeal was taken from that order. Their child was born on August 15,

1941. On December 19, 1941, relatrix presented her petition for an increase in the amount of the support order. Defendant filed an answer. Both parties were represented by counsel, and the court, after taking testimony, made an order on that petition directing defendant to pay $10 per week for the support of relatrix and their child, and her lying-in expenses (59a). Defendant has appealed.

Defendant now attempts to attack the jurisdiction of the Delaware County court. The parties when they separated resided in Delaware County, and had a home there. At the time of defendant's arrest at their home in that county defendant and relatrix were living apart in Philadelphia County. Section 733 of the Act of June 24, 1939, P. L. 872, 18 PS §4733, is in substance a reenactment of the Act of April 13, 1867, P. L. 78, §1 et seq., as amended, 18 PS §1251 et seq. *Com. v. Shankel*, 144 Pa. Superior Ct. 476, 477, 19 A. 2d 493. But the only jurisdictional requirement in the Act of 1939, as in the Act of 1867, is that the husband or father be "within the limits of this Commonwealth." *Com. ex rel. Shetzline v. Shetzline*, 84 Pa. Superior Ct. 100, 102; *Com. ex rel. Sanders v. Sanders*, 111 Pa. Superior Ct. 202, 206, 169 A. 470. However, the complaint and the arrest were made in Delaware County, and the court of quarter sessions of that county, where the separation took place, had complete jurisdiction. *Com. v. Plummer*, 83 Pa. Superior Ct. 26. Other cases which refute defendant's position are *Com. v. Tragle*, 4 Pa. Superior Ct. 159, 163; *Com. v. Brook*, 93 Pa. Superior Ct. 282; *Com. v. Husinka*, 127 Pa. Superior Ct. 360, 193 A. 380.

Defendant cannot maintain on this appeal that relatrix deserted him, and was therefore not entitled to a support order. The original order was dated May 15, 1941, and there was no appeal from that order. That order was res adjudicata as to all defenses which might

have been raised at that time (*Com. ex rel. Martin v. Martin,* 134 Pa. Superior Ct. 345, 346, 4 A. 2d 217), and it must therefore be assumed that relatrix was entitled to support, and that it was the duty of defendant to provide it. *Com. ex rel. Crandall v. Crandall,* 145 Pa. Superior Ct. 359, 363, 21 A. 2d 236; *Com. ex rel. Isaacs v. Isaacs,* 124 Pa. Superior Ct. 450, 454, 188 A. 551; *Com. v. Gensemer,* 122 Pa. Superior Ct. 456, 185 A. 867. See, also, *Com. ex rel. Knode v. Knode,* 145 Pa. Superior Ct. 1, 20 A. 2d 896.

The remaining question is whether the court below properly exercised its discretion in fixing $10 per week for the support of relatrix and their child, and in ordering payment of lying-in expenses ($62), and in determining defendant's ability to pay such sums. *Com. ex rel. Binney v. Binney,* 146 Pa. Superior Ct. 374, 377, 22 A. 2d 598. It seems that defendant is also to pay arrearages of $47 at the rate of $2 per week. At the time of the original order defendant had an average weekly wage of $34.14. Between the date of that order and the order which is the subject of this appeal, he voluntarily left his position to become a coppersmith apprentice for a weekly wage of $22.40. He thus has a higher earning capacity, and could work at a higher wage than he is receiving if he so desired. The child was born since the original order was made. In determining the "sufficient ability" of the husband, all the attendant circumstances as well as the actual amount earned should be considered (*Com. v. Knobloch,* 89 Pa. Superior Ct. 216, 218), and the rule that an order of support for a wife shall not exceed one-third of the husband's income is not applicable where the support of a child or children is involved. *Com. ex rel. Binney v. Binney,* supra, p. 379; *Com. ex rel. Shotz v. Shotz,* 130 Pa. Superior Ct. 561, 563, 198 A. 472. Being of sufficient ability, defendant's voluntary reduction in wages and his other conduct will

508

not relieve him of his duty to provide for the comfortable support and maintenance of his wife and child. Act of June 24, 1939, P. L. 872, §733, 18 PS §4733. Under the circumstances as disclosed by the record we find no abuse of discretion by the court below. *Com. ex rel. Crandall v. Crandall*, supra, p. 364.

The order of the court below is affirmed, at the cost of appellant.