Argued October 25, 1944.
The parties to this support action entered into what they believed to be a valid marriage contract. They lived together as husband and wife for about nine years until their separation in March 1942. One child was born. On May 29, 1942, in a proceeding in the municipal court, relatrix obtained an order for the support of herself and the child, increased in October of the same year to $35 per week. In the first proceeding respondent agreed to pay $25 per week for the support of his "wife" and their child and an order was made on the agreement. In his answer to the petition in the second proceeding he admitted that he had married the relatrix *Page 387 
on October 25, 1933. Respondent at that time had a former wife living but believed, although without good reason, that he had been divorced from her. He ascertained definitely in June 1943 that the former marriage had not been dissolved. He then proceeded (under the amendment to the Divorce Code of July 15, 1935, P.L. 1013, 23 PS 12) to have the supposed marriage with relatrix judicially annulled on the ground that it was bigamous. Relatrix was properly served in that proceeding and a final decree of annulment was entered by the Court of Common Pleas of Schuylkill County on October 11, 1943. There was no appeal from that decree. Within a month after the entry of the annulment decree respondent petitioned the municipal court to vacate the support order and to remit the arrearages as to the wife. This is respondent's appeal from the order dismissing his petition. We are concerned only with the right of the wife to support. By agreement, respondent has paid one-half of the arrearages under the order for the benefit of the child and is paying $17.50 per week for its support. He has recognized his continuing liability for the support of his child and that is not in dispute. The question in this appeal is whether, for the purposes of this case, appellant is bound by his admission upon which the order of support was made, that he was the husband of relatrix, notwithstanding a judicial annulment of his marriage status in a later proceeding.
The order of May 29, 1942 was based on appellant's agreement to pay; the first hearing on the merits was had on August 27, 1942. Appellant then might have offered testimony of his prior subsisting marriage as a defense to his liability for support of relatrix. He was not limited in his proof to a decree of annulment but was free to establish that his marriage with relatrix was void from its inception, in any manner by any competent evidence. Com. ex rel. Knode v. Knode, 149 Pa. Super. 563, 27 A. 536. In the absence of such proof at that hearing, while he could not thereafter be heard to *Page 388 
deny that he married relatrix in form at least (Com. ex rel.Knode v. Knode, 145 Pa. Super. 1, 20 A.2d 896) yet in our opinion the subsequent decree of annulment terminated his liability for arrearages and all future payments of support under the order. We think there is error in the refusal of the court to vacate the order.
The lower court relied upon Com. ex rel. v. May, 77 Pa. Super. 40
(and our later cases, Com. ex rel. Iacovella,121 Pa. Super. 139, 182 A. 727; Com. ex rel. Isaacs v. Isaacs,124 Pa. Super. 450, 188 A. 551) in dismissing appellant's petition. Applying the principle of the May case the court found that the order of October 7, 1942, unappealed from, adjudicated the status of the parties as lawfully married, as well as respondent's liability for the maintenance of relatrix within the statute. Viewing the order as a final adjudication of a lawful marriage the court held that appellant was bound thereby and could not in a later hearing in the same proceeding contest the validity of the marriage or his liability for support, even by proof of a decree of annulment regularly entered by a court of common pleas of the Commonwealth, unappealed from by relatrix.
At most, the order of October 1942 was res adjudicata only for the purposes of the proceeding in which it was entered. It might have been admissible in a subsequent divorce or annulment proceeding between the parties, for some purposes, but it could not operate as a bar to either party seeking a divorce or an annulment of the marriage. We are of the opinion that the language of the May case is too general for universal application. It has been so recognized. An order of support entered against a husband usually is an adjudication that the wife is entitled to support under the statute and is not barred by her prior conduct. And yet we know of no case which holds that the husband may not have the *Page 389 
order vacated on petition after securing a divorce from his wife. A divorce puts an end to the right of a wife to support from her former husband. 42 C.J.S., Husband Wife, § 649; Com. ex rel.Kurniker v. Kurniker, 96 Pa. Super. 553; Com. v. Allen,79 Pa. Super. 40. "When the common pleas has awarded a divorce, with or without alimony, the jurisdiction of the quarter sessions will be at an end": Heilbron v. Heilbron, 158 Pa. 297,27 A. 967. And a decree of divorce is effective for that purpose even upon grounds existing at the time of the support order — grounds which would have barred the wife from support if testimony of her past conduct had been fully developed. Cf. Com.ex rel. v. Esenwein, 348 Pa. 455, 35 A.2d 335, where the court refused to vacate a support order, but only on the ground that the Nevada divorce was not effective for that purpose because libellant had not established a residence in Nevada. And in both the Knode cases, supra, we recognized that the language of the rule of the May case did not have literal application where there is a question that the order, unless set aside, might compel an innocent husband to support another man's wife.
We are of the opinion that innocence of one seeking relief is not a controlling consideration. And the fact that the husband here was not the injured party in the bigamous marriage did not foreclose, his right to question the support order. It may be that respondent is entitled to relief on jurisdictional grounds alone. The Municipal Court of Philadelphia has jurisdiction "in all proceedings brought against any husband or father" who has deserted his wife or children or has failed to support them. Act of July 17, 1917, P.L. 1015, 17 PS 694. (Emphasis added.) When the information is made by a wife against one alleged to be her husband, the act contemplates an existing valid marriage as a necessary jurisdictional fact. But we are not resting *Page 390 
the disposition of the appeal on that ground but rather on the principle that an annulment establishes the invalidity of a marriage finally and certainly. When unappealed from, the decree becomes res adjudicata of that fact, generally, and for every purpose. Com. ex rel. Knode v. Knode, second appeal, supra. Because it is an adjudication that the parties never were husband and wife there is no liability for the payments in arrears under the order, or for future support.
The order is reversed, but at appellant's costs, and without prejudice in this or any other proceeding brought by relatrix for the support of the child.