Commonwealth ex rel. Highland *v.* Highland, Appellant.

634

Argued October 10, 1946. Before RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (BALDRIGE, P. J., absent).

*Mervin J. Brenner,* with him *David F. Maxwell* and *Edmonds, Obermayer & Rebmann,* for appellant.

*Joseph A. Keough,* with him *Leon Sobel,* for appellee.

OPINION BY HIRT, J., November 18, 1946:

From the meager record in this case, these facts appear: Relatrix on May 10, 1944, filed her complaint under oath alleging that she was the wife of respondent and that he had separated himself from her without rea-

sonable cause. She sought an order on him for her support under the Act of June 24, 1939, P. L. 872, §733; 18 PS 4733. Her complaint recited that she married respondent on March 26, 1921, and that they were divorced on January 26, 1931. They then had the status of single persons and could enter into a valid remarriage with each other after the divorce. The parties resumed cohabitation on January 26, 1932, and lived together for more than twelve years until April 27, 1944, when respondent left her, without reasonable cause. When this proceeding came before the court, respondent admitted liability and upon his admission, the court on May 11, 1944, ordered him to pay $21 per week for the support of "his wife Alice Highland". He complied with this order until August 17, 1945. Thereafter, when attachment issued at the instance of relatrix because of respondent's failure to pay, he on November 15, 1945, petitioned the court to vacate the support order and remit the arrearages. At the hearing on that petition defendant's counsel agreed that during the period prior to the separation "there has been cohabitation and reputation" of a marriage relationship. The court held that the order, entered on May 11, 1944, became "absolutely conclusive upon the consenting parties" in the absence of an appeal and that their status as husband and wife was res judicata and therefore not open to review in this proceeding. On this ground the court denied respondent the right to offer testimony that during the 12 years prior to the separation, their relation was meretricious, and refused to vacate the order or remit the arrearages.

The divorce of the parties terminated respondent's liability for the support of relatrix in 1931. And the fact that they lived together thereafter for more than twelve years, in itself, would not sustain a subsequent order for support if the parties did not in fact remarry after the divorce. *Com. ex rel. Allison v. Allison,* 151 Pa.

Superior Ct. 369, 30 A. 2d 365. There is some evidence of a remarriage, at least at common law, in the stipulation of the parties that throughout the period, they lived together, reputedly, as husband and wife. Cohabitation and reputation, though not marriage, are circumstances from which a marriage may be presumed. *Bisbing's Est.*, 266 Pa. 529, 109 A. 670. But relatrix was relieved of proof of a valid remarriage, by the admission of respondent in the non-support proceeding. It is only a *husband,* who separates himself from his *wife* without reasonable cause or has neglected to maintain his *wife,* who is liable for her support under the act. The charge of desertion and non-support is criminal in nature and the admission of liability by a respondent is the equivalent of a plea of guilt to the charge. Confession of liability operated as a waiver of the right to a hearing and comprehended within it an admission of a remarriage in some form of ceremony or contract, since without it there would be no liability. There can be no doubt as to the scope of respondent's admission; he gave bond for compliance with the support order "for the maintenance of his said wife Alice, so neglected." Relatrix was relieved from proving what was admitted by the respondent; since he confessed his guilt he is not in position to assert that marriage by some ceremony or agreement was not otherwise established.

The order in this case does not refer to any settlement agreement of the parties and it was not in the nature of a consent decree. It was made in the exercise of jurisdiction conferred upon the Municipal Court by statute. Under the jurisdiction so conferred, the court, on respondent's admission of liability, took into consideration the amount which the parties considered proper and made an order in that amount, as was done in *Com. ex rel. Kurniker v. Kurniker,* 96 Pa. Superior Ct. 553. The order, unappealed from here, became a final

adjudication of the fact of respondent's marriage to relatrix, as well as the necessity for her maintenance and respondent's liability under the statute. *Com. ex rel. v. May,* 77 Pa. Superior Ct. 40; *Com. ex rel. v. Iacovella,* 121 Pa. Superior Ct. 139, 182 A. 727. Those questions therefore became res judicata (*Com. ex rel. Jamison v. Jamison,* 149 Pa. Superior Ct. 504, 27 A. 2d 535) and could not again be raised upon a petition to vacate the order (*Com. ex. rel. Isaacs v. Isaacs,* 124 Pa. Superior Ct. 450, 188 A. 551) except upon an offer of proof of incapacity of one of the parties to remarry (*Com. ex rel. Knode v. Knode,* 145 Pa. Superior Ct. 1, 20 A. 2d 896) or a subsequent annulment of the marriage or subsequent divorce. *Com. ex rel. DiDonato v. DiDonato,* 156 Pa. Superior Ct. 385, 40 A. 2d 892; *Com. ex rel. Knode v. Knode,* 149 Pa. Superior Ct. 563, 27 A. 2d 536.

Order affirmed.