## Commonwealth v. Medlinsky

*Arthur Silverblatt,* assistant district attorney, for Commonwealth.

*Thomas F. Farrell, Jr.,* for defendant.

PINOLA, J., February 9, 1949.—From the transcript it appears that in these proceedings, initiated before Alderman Wolfe of the City of Wilkes-Barre, Josephine Medlinsky, prosecutrix, has charged her husband, Stanley Medlinsky, with failing to support her from September 3, 1948.

The parties resided together at William Penn (or Shaft), Schuylkill County, Pa., until September 3, 1948, when she left and removed her personal belongings to Plymouth, in this county.

She brought an action for support in Schuylkill County and a hearing was held before Judge Dalton on October 25, 1948. The case was adjourned for two weeks and on November 8, 1948, he dismissed the case.

The certified copy of the order presented to us indicates that the charge was nonsupport and that the case was dismissed. No record was made of the proceedings in Schuylkill County, but we have communicated personally with Judge Dalton and ascertained that the action was for support to which the court decided she was not entitled.

Under the circumstances, defendant has asked that he be discharged since the decision of Judge Dalton is res adjudicata.

We are satisfied that the motion must be allowed.

Having come to live in Luzerne County, she could have brought the proceedings in this county because the only jurisdictional requirement in The Penal Code of June 24, 1939, P. L. 872, sec. 733, 18 PS §4733, is that the husband be "within the limits of this Commonwealth". But the complaint and the arrest were made in Schuylkill County (where the separation took place) and the court of quarter sessions of that county had complete jurisdiction: Commonwealth ex rel. v. Jamison, 149 Pa. Superior Ct. 504.

Since no appeal was taken from the order of November 8th, that order, determining that prosecutrix was not entitled to support, became res adjudicata of that question: Commonwealth ex rel. v. Soprani, 160 Pa. Superior Ct. 542.

However, as the court said, page 543:

"Even such order refusing support is not inexorably final, but is subject to modification upon proof of subsequent material changes in conditions and circumstances affecting the relationship of the parties."

Prosecutrix did not avail herself of the right to return to the court of Schuylkill County, but instead began the proceedings which are now before us.

The case of Commonwealth v. McClelland, 109 Pa. Superior Ct. 211, may seem to be a basis for her right to do so because the court there said, page 213:

". . . the discharge of the husband in the first complaint is not a bar to the subsequent prosecution as his desertion is a continuing offense. . . . The present case was instituted subsequent to the court's order of December 1, 1931, and the failure of the husband thereafter to support his wife could not necessarily have

been considered in the first prosecution. A court, moreover, is authorized to make such changes in support cases as the circumstances and conditions may warrant, or a wife, here, may start an entirely new proceeding after a dismissal of a former case."

As we read that case, the commencement of a new proceeding in the same court is considered equivalent to a subsequent move in the original proceedings. Certainly it is not authority for the proposition that a new proceeding may be had in another county on the same facts which were considered by the court at the time of the first decision. That cannot be done: Commonwealth ex rel. v. Speer, 267 Pa. 129.

In Commonwealth v. Haley, 12 D. & C. 308, prosecutrix, who resided in Montgomery County, charged her husband, who resided in Philadelphia, with desertion and nonsupport. At the hearing in Montgomery County defendant offered in evidence a certified copy of a record of the Municipal Court of Philadelphia showing that she had defendant before that court early in the same year, on the same charge, and that after a full hearing, the case had been dismissed. Judge Knight said, page 308:

"The situation of the parties has not altered since the case was heard in Philadelphia in April of this year; there has been no change in condition, and the Municipal Court denied the prosecutrix an order for support upon the same facts that she now urges upon this court as a basis for a finding in her favor.

"Under these circumstances, we are of the opinion that the adjudication of the Municipal Court of Philadelphia must be treated as conclusive against the present prosecution.

". . . True, desertion is a continuing offense (Com. v. Hart, 12 Pa. Superior Ct. 605; Com. v. Smith, 6 D. & C. 378), and it is urged by counsel that the failure of the defendant to cohabit with and maintain his wife

since the adjudication of the Municipal Court constitutes a new offense.

"We cannot agree with this view. The adjudication of the Philadelphia court establishes the fact that there was no desertion or that it was justified. There cannot be continuation of something that did not exist, and nothing has occurred since the case was dismissed in Philadelphia to change the situation.

"The prosecutrix sought relief in the Municipal Court of Philadelphia; if she was dissatisfied with the decision of the forum of her choice, she could have appealed to the Superior Court; she cannot shop around among the counties of the State until she finds a court which will decide in her favor."

In Commonwealth ex rel. v. Smith, 29 D. & C. 123, we have a situation in which because of changes the second court did take jurisdiction. The parties in that case resided in Westmoreland County. Prosecutrix filed a complaint on January 23, 1935, charging her husband with desertion and nonsupport in that county. Hearing was held and an order made against him requiring the payment of a fixed amount. After this order was made the parties were reconciled and lived together in Westmoreland County as man and wife until September 7, 1936, when she left the home because of alleged abuses and took up her residence in Allegheny County. On October 22, 1936, she filed a complaint in that county. Defendant offered in evidence the record of the Westmoreland case, whereupon the trial judge dismissed the proceedings. The following day prosecutrix went to Westmoreland County and had the proceedings there nolle prossed. Then, on January 25, 1937, she filed another information in Allegheny County. The court said, page 125:

"The facts as presented to the court indicate that after the parties had been reconciled in Westmoreland

County they lived together as man and wife for a course of some few months, after which, as prosecutrix claims, she could no longer live with defendant because of certain abuses to which she was subjected by him.

"While this court is loath to interfere with a matter that has been before another court of similar jurisdiction, and under ordinary circumstances would not permit prosecutrix to discontinue proceedings in one county and come to another for redress, we are, however, convinced that in the instant case, because of the fact that prosecutrix and defendant did live together as man and wife for a certain time after the order of court had been made in Westmoreland County, prosecutrix, having removed to this county, is entitled to have her cause heard here. It is for this reason, and this reason only, that the court has seen fit to consider the complaint of prosecutrix. We feel that in so doing we are acting within the sound discretion of this court."

Our case is quite similar to Commonwealth v. Mozunamski, 30 Erie 207. There the parties, who were married on November 30, 1940, lived for about eight months on a farm in Crawford County when a separation took place, the wife going to Erie County where she since resided. Defendant remained in Crawford County. On December 19, 1941, the court of Erie County made an order requiring defendant to pay to his wife $3 a week for support. Because defendant instituted divorce proceedings in Crawford County and his wife filed an answer asking for alimony and counsel fees, the court of Erie County terminated its previous order for support in order that the rights of the parties might be adjudicated in Crawford County. Then the divorce was discontinued and a nonsupport action was instituted in Crawford County, resulting in an order that defendant pay his wife a weekly sum of $6. Apparently she had some difficulty collecting under that order, so prosecu-

634

trix started a new proceedings in Erie County. Evans, P. J., said, page 208:

"The court, in Commonwealth v. Lee, 99 Pa. Superior Ct. 54, held that a wife may bring her suit for support in the county where she resides, as jurisdiction is not confined to the county where the defendant has his residence or where the desertion occurred. However, having chosen the Court of Crawford County (where the defendant resides) as the tribunal before which to prosecute her action for support, and an order having been made there, its jurisdiction is exclusive: Commonwealth v. Jamison, 149 Pa. Superior Ct. 504. Were this not the law, action could be brought in any one of several counties, and a conflict in the size of the order and the method of enforcement become a matter of serious controversy. This case is an example of the situation which would arise."

Under the circumstances, we are required to grant the motion of defendant, and, therefore, we make the following

### Order

Now, February 9, 1949, defendant is discharged, the costs to be paid by the county.