Commonwealth ex rel. DeShields *v.* DeShields,
Appellant.

Argued March 24, 1953. Before RHODES, P. J., HIRT,
RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Robert N. C. Nix*, for appellant.

*Martin Vinikoor*, Assistant District Attorney, with him *Malcolm W. Berkowitz*, Assistant District Attorney, *Michael von Moschzisker*, First Assistant District Attorney, and *Richardson Dilworth*, District Attorney, for appellee.

OPINION BY HIRT, J., July 14, 1953:

Relatrix, asserting a common law marriage with the respondent, petitioned the lower court for an order for her support and the support of an epileptic child. A hearing was held on August 4, 1952, and a second adjourned hearing on August 19, 1952, when the court entered an order directing the respondent "to pay his wife Nancy" the sum of $14.00 per week for her support. The testimony at these hearings is to the effect that the parties lived together as husband and wife from 1923 until some time in 1943 when relatrix left the respondent because he neglected to support her. Five children were born to the parties while they lived together; the respondent admitted that they were his children and that he had supported them as their father. At the first hearing relatrix testified that she was married to the respondent, if we interpret her testimony correctly, in December 1923. At the second hearing she admitted that, although she secured a marriage license in 1923 she was not married by some undesignated person who apparently was present when the license was issued. There never was a ceremonial marriage. But relatrix, with the consent of respondent,

took his name and they were known as husband and wife. Cohabitation and reputation are circumstances from which marriage may be presumed. *Bisbing's Estate,* 266 Pa. 529, 109 A. 670. In the testimony at the first two hearings, on which an order was made, there is no denial by the respondent that he contracted a marriage with the respondent or other proof rebutting the presumption of a marriage raised by cohabitation and reputation. Cf. *Fitzpatrick v. Miller,* 129 Pa. Superior Ct. 324, 196 A. 83. On the contrary, as in *Com. ex rel. Coats v. Coats,* 97 Pa. Superior Ct. 193, the respondent in his testimony assisted the relatrix in establishing a presumption of marriage from cohabitation and reputation. The testimony in the record before us though meagre and fragmentary is sufficient to support the lower court's finding of a common law marriage.

Not until September 16, 1952 did the respondent deny that he is relatrix's husband; he then petitioned the court for a revocation of the support order on that ground. At a hearing on the petition the defendant denied the existence of the marriage and attempted to substitute a meretricious relationship. The hearing judge found the respondent evasive and untrustworthy as a witness, and in disposing of the proceeding stated: "We can place no trust in the veracity of his statements at that hearing. He left us with the impression that he had come to undo the effect of his own prior testimony under oath". The relief sought by the petitioner was denied for want of proof on the above appraisement of respondent's credibility.

The opinion of the lower court refers to the fact that no appeal was taken from the order of support within 45 days from the date of its entry. For that reason alone respondent is not entitled to relief. The Act of May 11, 1927, P. L. 972, amending §4 of the Act

of May 19, 1897, P. L. 67, 12 PS §1136, providing that
"No appeal shall be allowed, in any case, from a sen-
tence or order of any court of quarter sessions . . . un-
less taken within forty-five days from the entry of the
. . . order" is applicable to a support proceeding in the
Municipal Court of Philadelphia. *Com. ex rel. Bundy
v. Bundy,* 159 Pa. Superior Ct. 153, 47 A. 2d 537. The
petition to vacate in this case did not extend the time
for taking an appeal from the support order in the
absence of a specific provision to that effect in the
rule granted on the petition. *Smith v. Jones,* 369 Pa.
13, 85 A. 2d 23; *Rumsey's Case,* 135 Pa. Superior Ct.
515, 7 A. 2d 43. Cf. *Com. ex rel. Arbitman v. Arbit-
man,* 161 Pa. Superior Ct. 529, 55 A. 2d 586; *Common-
wealth v. Knobloch,* 89 Pa. Superior Ct. 216. And since
the respondent did not appeal from the order of sup-
port in this case, based upon undisputed evidence of
marriage, he cannot now in a proceeding to vacate the
order of support deny that he married the relatrix.
*Com. ex rel. Knode v. Knode,* 145 Pa. Superior Ct. 1, 20
A. 2d 896. An order for support, unappealed from,
usually is res adjudicata as to all defenses which have
been raised in the proceedings for support. *Com. ex
rel. Jamison v. Jamison,* 149 Pa. Superior Ct. 504, 27
A. 2d 535; *Com. ex rel. Isaacs v. Isaacs,* 124 Pa. Supe-
rior Ct. 450, 188 A. 551. The rule however, particu-
larly as stated in general terms in *Commonwealth ex
rel. v. May,* 77 Pa. Superior Ct. 40, is subject to some
exceptions. Thus, if at the date of the marriage a
prosecutrix was incompetent to marry the respondent
because of a lawful husband then living, from whom
she had not been divorced, the husband is entitled to
prove it to relieve himself of the obligation of support-
ing some other man's wife although the time for ap-
peal from the support order has passed. *Com. ex rel.
Knode v. Knode,* supra. Cf. also, *Com. ex rel. Knode*

*v. Knode,* 149 Pa. Superior Ct. 563, 27 A. 2d 536. In *Com. ex rel. DiDonato v. DiDonato,* 156 Pa. Superior Ct. 385, 40 A. 2d 892, we relieved a husband from liability under a support order when, long after the time for appeal had elapsed, the marriage was judicially annulled on the ground that it was bigamous. But under circumstances somewhat similar to those in the instant case, we, in *Com. ex rel. v. Highland,* 159 Pa. Superior Ct. 633, 49 A. 2d 529, held that an order for support of a wife entered against a respondent on his admission of liability, amounted to an adjudication of the fact of the respondent's marriage to the relatrix, as well as his liability for her support; and further, that the fact of a marriage or its validity could not be inquired into on a petition to vacate the order after the time for appeal had elapsed, in the absence of an offer of proof of incapacity of one of the parties to marry or a subsequent divorce or annulment of the marriage.

Here it is conceded that the parties were competent to marry; the validity of the marriage relationship under the common law, found by the lower court as a basis for the support order, was res judicata and could not be questioned in a proceeding to revoke.

Order affirmed.